LOUIS TOMJACK, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED FEBRUARY 13, 1928. No. 25305.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellant.

*J. J. Harrington, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOSS, C. J.

This is an action for damages for personal injuries. From a verdict and judgment for $500 against it, defendant appeals.

Plaintiff was injured after dark on the night of December 25, 1923. He was riding on the front seat of Theodore Zaborowski's Ford touring car, driven by the owner. There were three other young men in the car. The injury occurred a little east and south of Ewing on state and federal highway No. 8. This highway is a well-graded and graveled road located in the main on a section line, but, in order to accommodate it to the Elkhorn river, the road for some distance north and south of that river lies to the west of the section line. The railroad is north of the river and runs in a northwest and southeast direction. The river runs in a northeast and southwest direction. When the wagon bridge was built across the river a few hundred feet farther south than the railroad crossing, the bridge was so built as to cross the river at more nearly a right angle than if it had been built on the section line, and so the bridge was built to the west of the section line and the north end of it was considerably farther west than the south end. To meet this situation the road, as soon as it crosses the railroad track, in going from the

north, turns with a sharp curve to the right toward the southwest, until about half way from the crossing to the bridge, when it turns to the left. A few feet south of the track, and as a part of the south approach, the railroad company built a bridge or culvert parallel with the rails to carry the water collected in the right of way ditch. This culvert is built of heavy planks, is 17 feet across, and is about 31 feet long east and west. It has a guard rail at either end. The road, the railroad, the bridge over the river, and the culvert or bridge under the highway just south of the railroad, have existed, in the manner described, for many years. The evidence shows that the culvert was originally built as a part of the public road; that this road was surveyed and approved by the state highway department, a map was made showing this culvert, a copy of the map was filed in Holt county as provided by law, and that this highway is a part of the official highway known as No. 8, and as laid out and approved by the state engineer's office.

On the night in question, the party drove from the north across the railroad and, instead of keeping in the driveway and crossing the culvert or bridge, they went into the ditch at the west end of the culvert. The car was wrecked and the occupants were injured.

Plaintiff alleged negligence in many words, but his claims may be shortly stated as two items of negligence on the part of defendant: (1) That the defendant failed to place its bridge in line of travel when approaching it from the north; (2) that the ditch west of the bridge is unguarded by any "light, sign, post, wing, fence, guard, shield, or warning of any kind."

The photographs, the blue prints and the testimony show that the bridge is on the line of travel. It would require a much longer bridge, a bridge covering most of the highway west of its center on the south side of the railroad tracks, if travel from the north is to go over the crossing without making any turn so as to leave the rails about at right angles when proceeding toward the river

bridge. Because of the turn in the highway at this point, it is obvious that this bridge or culvert, which is located just south of the angle or point of turning, could not be so placed that it could be approached at right angles by vehicles from both directions. The pivot is in the center of the line of travel and at the north side of the bridge or culvert. This railroad bridge or culvert has been here unquestioned by the authorities or by the public, and as a part of the highway, for upwards of 20 years. Nothing in its location or its construction indicates any negligence. The plaintiff argues that, because the crossing planks between the rails, with one plank on each side of the track, extend farther west than the west end of the bridge, he was invited to cross, or was justified in crossing, the west end of these planks, and that this led him to the ditch west of the bridge. This position loses sight of the fact that the railroad company put the planking just where it would be put in any north and south road crossed at an angle by rails. The highway at this point was a north and south road and under the evidence did not turn toward the west until the bridge or culvert was reached at a point nine feet south of the south rail. No driver going either way had any right or invitation to cross the planking and rails at right angles. If the car in which the plaintiff was riding had followed the traveled line of the road and had crossed the railroad track in the proper place, it would have found itself on the bridge or culvert. The evidence shows that the car went so far to the right that it missed the culvert or bridge entirely. Where a culvert, adjacent to its tracks and on its right of way across a public highway, is built by a railroad company in accordance with the general plans of highway and has been adopted as a part of the highway, negligence will not be predicated upon it merely by reason of its location and dimensions.

The second claim of negligence, as to the lack of guard or warning, is, it seems to us, equally as untenable as the first. If we hold that a 31-feet wide culvert is not suf-

ficient crossing for a stream or ditch and that it must be guarded, or hold that every turn in the road is ground for actionable negligence, unless some one is stationed there with cap and bells to warn the wild and reckless, then we shall lay upon those who build and maintain roads a greater burden than we feel the law justifies. But that is exactly what the plaintiff asks us to do in this case. It was the duty of the driver of the car after dark on this road to proceed so that his headlights would mark out the traveled road, and if he proceeded faster than he was able to see the road ahead of him, or, if he failed to keep a lookout, he was guilty of negligence. The fact that, in the circumstances heretofore outlined describing the road, the car missed the bridge, is evidence of such negligence that it seems amazing that any one would bring suit on account thereof. Plaintiff was in the front seat with the driver. Had the car been driven under proper control, there was ample time for the driver to stop, and for plaintiff to have warned him in time to stop, before he reached the railroad rails on the right of his true course. The driver testified that he had been going faster, but was going about 15 or 20 miles an hour as he was approaching the railroad crossing. He knew it was a crossing, because he testified he saw a train coming from the east. Going at this speed, on approaching the tracks, he could have seen the bridge in time to have stopped and to have driven to it instead of to the ditch; and, if plaintiff had been watching, he could have warned the driver, in time to stop, that he would miss the bridge if he kept on. Where plaintiff, riding in a vehicle, is injured by reason of the vehicle being so driven as to miss a culvert properly located and built on a public highway, and to fall into a ditch at the end of the culvert, and plaintiff had opportunity but failed to warn the driver, it cannot be said that plaintiff's negligence is slight as compared with that of defendant, and plaintiff therefore cannot recover. *Morrison v. Scotts Bluff County*, 104 Neb. 254.

We are of the opinion that the court should have dis-

missed the action or should have instructed the jury to return a verdict for the defendant. The judgment of the district court is reversed, with directions to dismiss.

REVERSED.

Note—See Negligence, 29 Cyc. 560 n. 25—18 L. R. A. (n. s.) 356; 22 A. L. R. 1301.