BESSIE GLICK, SPECIAL ADMINISTRATRIX, APPELLEE, V. BURT POSKA, APPELLANT.

FILED DECEMBER 11, 1931. No. 27937.

*Frederick J. Patz* and *Louis B. Finkelstein,* for appellant.

*Richard F. Stout, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER and RYAN, District Judges.

RAPER, District Judge.

This is an action brought by Bessie Glick, as special administratrix of the estate of Clarence T. Glick, her deceased husband, on behalf of herself and two minor children, aged eleven and seven years, respectively, and is based upon alleged negligence of the defendant. Plaintiff's petition alleges that the deceased was riding as an invited guest of the defendant in defendant's automobile, and that defendant was negligent in operation of his car, which resulted in the automobile overturning, causing the death of Clarence T. Glick. Defendant in his answer denies the allegations of negligence, denies that plaintiff was an in-

vited guest of defendant, and alleges that deceased and defendant were engaged in a joint enterprise using defendant's car, and that deceased directed and controlled the direction, course and operation of the car, and was guilty of the negligence which caused the accident. The cause was submitted to the jury, and a verdict and judgment were awarded plaintiff. Defendant appeals.

At the close of the testimony defendant moved for a directed verdict in his favor because the undisputed evidence showed that the negligence of the deceased was more than slight. The court's refusal to grant the request is one of the alleged errors, and another error complained of is that the court refused to dismiss plaintiff's action because there was not sufficient evidence to support a verdict in her favor. A careful study of the evidence discloses a state of facts which adequately supports plaintiff's allegations of negligence; that deceased was an invited guest of defendant; and was not guilty of negligence, more than slight, or of any negligence. The evidence of plaintiff being sufficient to warrant a verdict for plaintiff, the court properly denied the motions.

Appellant objects to instruction No. 8, as given. This instruction outlines fully and in detail the claims of the parties respectively as alleged in the pleadings and as supported by evidence. It is claimed by appellant that one part of the instruction varies from another to the prejudice of appellant, in this: One part of the instruction states that the defendant claims "Glick directed and controlled the operation of the car in the course and route to be taken," and in another place it states "that Glick did not have or exercise control over the operation of the car." Appellant asserts that the changed phraseology gave the wrong direction to the jury. We are unable to see how this slight variation, in connection with the substance of the whole instruction, could have misled the jury. Another objection is that, after stating that if Glick did certain acts, and such acts constituted negligence, then such negligence would be imputed to Glick himself, the court should

have added "and plaintiff cannot recover." In other instructions proper exposition was given as to negligence, contributory negligence, and the rights of the respective parties to recover under certain circumstances if negligence of either party was proved, and the omission of that clause in instruction No. 8 was not error. The instruction was as favorable to defendant as the pleadings and evidence warranted.

The evidence discloses that deceased was a brakeman employed by the Burlington railroad company, and at his home about 10 o'clock in the evening a call came to him to report for duty at 11 o'clock. The deceased and defendant, with a third man, got in defendant's car, a coupé, deceased sitting on the right hand side, and started for deceased's destination, which was west of some of the railroad tracks, where defendant was cautioned to watch for trains and to not drive so fast. Near there was a culvert. Defendant drove the car, and some time before they reached the scene of the accident deceased told defendant to make a turn or turns at certain streets and cautioned defendant against driving so fast.

The defendant's car had good lights, the road and culvert were in plain view and defendant was driving from 20 to 25 miles an hour. The road made a turn near the culvert. At or about the time the car was on the culvert, the defendant, in order to make the turn suddenly, turned the car sharply (or jerked the wheel around, as the third passenger stated) which caused the car to turn sharply on the culvert. The front wheels passed over, but the hind wheel missed the edge, which caused the car to lurch and perhaps veer somewhat. After going across the culvert about half the length of the car, it stopped, apparently tilted to the right and poised momentarily, then upset on its right side. While the car was stopping, the deceased evidently opened the right door and got out of the car, for the car fell on him. There was no obstacle immediately in front of defendant which required him to turn the car so suddenly and sharply. The defendant testified he turned the car at

the request of deceased but this was not admitted by plaintiff, but plaintiff claims that defendant failed to notice the turn in the road until on the culvert, and that at the speed he was driving it was negligence to make so sharp a turn, even if deceased had suggested the turn, and the evidence is sufficient to support plaintiff's theory. It was a question for the jury to determine.

This brief résumé, which does not give accurately the full details, is sufficient to indicate in a general way the manner in which the accident occurred.

The defendant claims that deceased was guilty of negligence in getting out of the car as it stopped. This was submitted to the jury and determined adversely to defendant.

Appellant complains of instruction No. 13, which advises the jury as to the measure of damages, in that the court did not tell the jury that they must base their findings upon the evidence. In another instruction it was stated that their verdict must be based upon the evidence, and the failure to again so charge the jury in instruction No. 13 was not prejudicial.

Another objection to the instruction is that the court tells the jury that they might consider deceased's prospects for future increase of earnings, which appellant insists was without any evidence to support that part of the charge. It is shown by the evidence that the deceased was a brakeman, and was on the "call list," that is, he did not have steady employment with the railroad; that the right to steady employment was given to employees who had been longer in service, and the jury might reasonably infer that in the future he would by reason of seniority be given more steady employment. When he worked as brakeman he earned $200 a month. When not so employed he earned at other occupations about $20 to $30 a week. We are not prepared to say from the record that there was no evidence to support that part of the charge.

Further, the appellant urges that there was no proof of the physical condition of Mr. and Mrs. Glick. There

was inquiry made by defendant's counsel in cross-examining Mrs. Glick as to the physical condition of the deceased. She told of deceased having suffered an injury in an automobile accident some time prior to the time of his death, but she stated that he had almost recovered, and was able to do his work. The nature and extent of those injuries were not inquired into. There was sufficient evidence to warrant the jury in finding that deceased was in ordinary health. There was no proof of the physical condition of plaintiff, but she gave her age as 31, and tables of expectancy were received both as to her expectancy and his. The omission to show her physical condition, when first raised on appeal, may be met by the holding in *Bauer v. Griess*, 105 Neb. 381. The instruction did advise the jury that if they found for plaintiff they should take into consideration the age and the fair and reasonable earning ability as disclosed by his past actual earnings, his physical condition at the time of his death, the age and physical condition of the widow, Bessie Glick, and the probable duration of the life of both Clarence T. Glick and his wife, which placed the matter fairly to the jury, and besides no further instruction about it was tendered by defendant.

Other assigned errors are that the court erred in failing to instruct the jury not to consider the matter of insurance and in permitting plaintiff to show that defendant carried insurance. No request was made for an instruction about insurance. It is the settled policy of this state that a party may show that defendant carried insurance.

Some of the jurors gave evidence that the jury in their deliberations considered the fact that defendant carried liability insurance. Courts are slow to accept such evidence to impeach a verdict; furthermore, there is no affirmative statements by any of the jurors that he was influenced by the fact that the defendant carried insurance.

The remaining assignment of error is that the verdict was the result of chance. Six jurors made affidavit that the jury agreed to write the sum which each juror thought the plaintiff should recover, add those amounts and divide

the sum thus found by twelve, and the quotient should be given and awarded as the verdict to be returned for plaintiff, and that was the amount given in the verdict. Four of those recanted in later affidavits, and stated they had misunderstood their first affidavits, and averred that the jurors did write down the amount they believed the plaintiff should recover, and divide by twelve the sum obtained by adding those amounts, that there was no agreement before such proceeding that the quotient should be the amount of their verdict, and that such proceeding was had only to get the viewpoint of the jurors in order to see if they might adjust their differences. Two other jurors deponed to the same facts as the four above mentioned, and that after the sum so found was announced there was further discussion. None of the jurors stated that they had felt bound by or agreed to the verdict because of any agreement to abide by the proceeding. The proof is quite conclusive that there was no agreement to abide by or accept the quotient as their final verdict, and after the quotient was announced there was some objection to the amount and after further discussion the amount was voluntarily approved by all the jurors.

The mere fact that the jury during the course of their deliberations in order to get the viewpoint of the jurors, to see if they might compose their differences of opinion as to the amount that should be allowed, undertake to average their judgment may not be objectionable, unless it appears that before doing so they agree to be bound by such chance methods after such result has been reached. *Cortelyou v. McCarthy*, 37 Neb. 742; *Janesovsky v. Rathman*, 107 Neb. 165.

Appellant urges that the verdict is excessive. The verdict is for a large sum, but under the situation shown we cannot say it is excessive.

The judgment of the district court is

AFFIRMED.