ALICE J. MURPHY, APPELLANT, V. ROBBIN I. SHIBIYA, APPELLEE.

FILED NOVEMBER 10, 1933. No. 28600.

*Kennedy, Holland & De Lacy* and *Ralph E. Svoboda,* for appellant.

*Wear, Garrotto & Boland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

ROSE, J.

This is an action against defendant to recover $10,000 in damages for alleged negligence resulting in personal injuries to plaintiff. Defendant with his wife and son in a Buick sedan and plaintiff and her husband in a Ford coupé were headed for Omaha on the paved highway from Lincoln after dark on the evening of November 26, 1931. Plaintiff was the guest of her husband who was driving the Ford behind defendant. Three or four miles beyond Gretna when the Ford was going directly north down grade from the crest of a long hill, it struck the Buick from the rear and as a result of the impact plaintiff, who was seated beside her husband in the Ford, was thrown forward and injured. It was alleged in the petition that the Ford "was proceeding down the grade on the pavement on the right-hand side thereof in a prudent and cautious manner;" that defendant, in violation of law, left his Buick on the pavement without a rear light and without leaving a passage-way 15 feet wide on the left-hand side of the main traveled highway, thus causing the collision and the resulting injuries.

The answer was a general denial and a plea that plaintiff's injuries, if any, were the proximate result of her own gross negligence concurring with the gross negligence

of her husband. The new matter in the answer was denied in a reply.

Upon a trial of the issues the jury rendered a verdict in favor of defendant. From a judgment of dismissal plaintiff appealed.

It is argued as a ground of reversal that negligence of the husband was not imputable to his wife; that there was no negligence on her part, and that the trial court erred to her prejudice in submitting the issue of contributory negligence to the jury. The evidence on behalf of plaintiff tends to prove that at the time of the collision defendant's Buick was standing on the slippery pavement in the dark without a rear light, while snow was falling and that there was not on the left-hand side the free passage-way of 15 feet required by statute. Comp. St. Supp. 1931, sec. 39-1154. On the contrary the evidence adduced by defendant tends to prove that he did not stop his Buick but was driving it carefully down the hill until it was struck in the rear by the Ford; that his rear light was shining; that he was on the right-hand side of the pavement; that the impact temporarily extinguished alike the headlights and rear light. Defendant's son testified he was in the back seat of the Buick looking out at the rear window and saw the red rays of the rear light on the snow. If defendant and his witnesses told the truth, a question for the jury, there was no negligence whatever on his part. There is also testimony tending to prove the following summarized facts: Between Lincoln and the place of the collision plaintiff and her husband had stopped two or three times to clear the windshield of wet snow. The automatic wiper kept a clear view in front of the driver. Vision through the windshield was partially obscured in front of plaintiff but she could see ahead at the lower edge of the windshield. The headlights were on. Visibility was good for 100 feet. The windshield was wiped at Gretna and was clear between there and the scene of the accident. The speed of the Ford during the trip from Lincoln was perhaps 25 miles

an hour. The snow was wet and the pavement was very slippery. There was no moon. The night was dark and snow was falling. ' The Ford approached the crest of the hill at a speed of 20 or 25 miles an hour and started down a grade a quarter of a mile long. Plaintiff and her husband saw the car ahead on the right-hand or east side of the pavement at a distance of 60 or 80 feet. The driver of the Ford applied the brakes within 30 feet of the Buick, but they did not hold on the slippery pavement and were instantly released. He could not stop in time to avoid a collision. He attempted to pass on the left but failed. The front right corner of the Ford struck the rear left corner of the Buick which slid 30 feet or more and came to rest while headed northeast with the front wheels on the soft shoulder east of the pavement. The Ford stopped after sliding 15 feet when headed northwest with the front end on the shoulder west of the pavement. The occupants of the Buick were jolted backward. Plaintiff was thrown forward with her face through the windshield. At the time of the accident there were no other cars near, but within a few minutes other drivers came down the hill with cars under control and safely stopped where the collision occurred. The right front wheel of the Ford was locked as a result of the impact and the pavement was so slippery that the car was driven back to Gretna with that wheel sliding instead of turning. Plaintiff herself had experience in driving an automobile. She had been out in the snow helping to clean the windshield. She knew the danger of speed on a slippery pavement. She had the same means as her husband of observing obstructions and the condition of the highway and the effect of falling snow on visibility. She testified she had been intently watching the road and had seen the object ahead as soon as her husband but never uttered a word of protest or warning about speed or management of the car. The negligence of a husband while driving his automobile with his wife as his guest may not be imputable to her, but she may be responsible

for the consequences of her own negligence, if she fails to warn him of known approaching danger and to protest against his recklessness. *Tomjack v. Chicago & N. W. R. Co.,* 116 Neb. 413; *Glick v. Poska,* 122 Neb. 102. The evidential facts and circumstances outlined were sufficient to sustain a finding that the husband of plaintiff drove his car down hill so fast at night on a slippery pavement, when snow was falling, that he could not stop, within the area lighted by his lamps, in time to avoid a collision with the car in front of him, and that his wife was guilty of gross negligence in failing to warn him of the obvious danger and in failing to protest against his recklessness —the proximate cause of her injuries. The issues of negligence and contributory negligence were questions for the jury and their verdict is supported by sufficient evidence. *Roth v. Blomquist,* 117 Neb. 444; *Glick v. Poska,* 122 Neb. 102.

It is further complained that the trial court, in giving an instruction on comparative negligence, erred by confusing the ratio of damages to negligence. In this respect the instruction related to the measure of recovery and the error did not prejudice plaintiff for the reason that the jury found she was not entitled to recover damages in any amount.

Other rulings in giving and refusing instructions are criticized, but the entire charge to the jury, when considered as a whole, does not affirmatively show error prejudicial to plaintiff. Challenged rulings on evidence are likewise free from harmful error.

AFFIRMED.