CHARLES F. BEHR, ADMINISTRATOR, APPELLANT, V. MINNIE O. DULING, EXECUTRIX, ET AL., APPELLEES.

FILED MAY 1, 1935. No. 29270.

B. J. Cunningham, H. G. Wellensiek and W. P. Lauritsen, for appellant.

Wymer Dressler, Robert D. Neely, Hugo J. Lutz and H. J. Whitmore, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

The administrator of the estate of John H. Behr, deceased, brought this action for damages for wrongful death against the executrix of the estate of Hayes E. Duling, deceased, the Chicago & Northwestern Railway Company and Ed Roeder. At the beginning of the trial, prior to the introduction of any evidence, the trial judge sustained an objection to the introduction of testimony and dismissed the action as to the executrix of the estate of Duling for that the court did not have jurisdiction

over the person. At the same time, a similar objection on the part of the Chicago & Northwestern Railway Company and Ed Roeder was overruled, because they had appeared voluntarily and answered without objection to the jurisdiction. At the close of the testimony, the trial court directed a verdict in favor of the last two named defendants for that plaintiff had not proved any negligence on their part and that there was no evidence to show relationship of Behr to Duling in riding in the automobile in which both were killed.

This case arose out of an accident in which the automobile in which Behr and Duling were riding was hit by a Chicago & Northwestern Railway company train of which Roeder was the engineer. As a result of the accident, both Behr and Duling died. This action was filed in Hall county. No one of the defendants resided there or were served with process therein. Roeder was served in Dodge county, Duling in Lancaster county, and the Chicago & Northwestern Railway Company in Hall county by a summons upon the agent of the Union Pacific Railroad Company. A special appearance of the Chicago & Northwestern Railway Company was filed for that the corporate name was incorrect and that the pretended service was not upon its agent and that it did not operate or transact business in Hall county. This special appearance was sustained and plaintiff given leave to amend his petition by interlineation. Thereupon a summons was sent to Adams county and served on an agent of the Chicago & Northwestern Railway Company there. Afterwards the defendants Roeder, the engineer of the train, and the Chicago & Northwestern Railway Company filed answer without objection to the jurisdiction of the court over them.

The plaintiff asserts that the court erred in dismissing the case as to Duling. The previous recital of the procedural steps reveals that the trial court did not have jurisdiction over any defendant in this case unless there was a waiver of the objection by a general appearance.

The defendants Roeder and the Chicago & Northwestern Railway Company filed answers without objection and thereby waived it.

But the defendant Duling filed a special appearance objecting to the jurisdiction of the court, which was overruled. This is an action which the law requires must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned. Since no defendant resided in Hall county or could be summoned therein, the special appearance should have been sustained. But the plaintiff insists that the pleading of Duling denominated "special appearance" did not limit itself to the particular question and therefore waived the objection. It is well established in this jurisdiction that "An appearance is special when its sole purpose is to question the jurisdiction of the court. It is general if the party appearing invokes the power of the court on any question other than that of jurisdiction." *South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank,* 45 Neb. 29. Many cases are found in our official reports to the same effect. A recent case held that an appearance by any form of application invoking the court's power except upon the question of jurisdiction is a general appearance. *Troyer Furniture Co. v. Orchard & Wilhelm Co.,* 121 Neb. 301.

An examination of the objection to the jurisdiction in this case to determine whether the appearance was special or general discloses that the appearance was special. This defendant alleged thirteen reasons for the dismissal because the court did not have jurisdiction over the person of the defendant. No affirmative relief is sought. Among the thirteen paragraphs are three contending that there is no connection between the cause of action alleged against this defendant and the other two defendants. Three other paragraphs contend that there is no joint liability and none is alleged between this defendant and the other defendants.

The Code provides: "Every other action (the case at bar

comes within this provision) must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned." Comp. St. 1929, sec. 20-409. Section 20-504, Comp. St. 1929, provides: "When the action is rightly brought in any county, according to the provisions of this Code, a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request." Unless this action was rightly brought in Hall county, the district court did not acquire jurisdiction over the person of the defendant by service of a summons issued to another county. *Ramirez v. Chicago, B. & Q. R. Co.*, 116 Neb. 740. It has been held that there must be a joint demand against resident and nonresident defendants. *Ayres v. West,* 86 Neb. 297; *Wood v. Carter,* 67 Neb. 133. The validity of the service in Lancaster county of a summons from the district court for Hall county would depend upon a joint and several liability of a defendant residing in or served in Hall county. Therefore the objections urged to the jurisdiction of the court over the person of Duling were not to the subject-matter, but related solely to the court's jurisdiction of the case.

The defendant Duling filed an answer preserving the objection to the jurisdiction. Subsequently in open court an oral request was made to file an amended answer. It is said that this oral request did not preserve the objection to the jurisdiction. Plaintiff's position in this respect is untenable, because the court required the attorney for Duling to state specifically the amendments desired. The answer was so amended and that part preserving the objection to the jurisdiction was retained in the amended answer.

Lastly, the plaintiff contends that the plaintiff's objection to the introduction of testimony was a waiver to the objection to jurisdiction. The objection was for the reason that the court was without jurisdiction. It was sustained. Another reason was stated in the oral objection to the introduction that the petition failed to state facts

sufficient to constitute a cause of action. This was not in fact asking for affirmative relief. The objection was made to the court proceeding to try this case against the defendant which it had no lawful right to do. The order dismissing the action was a proper and lawful one which had been delayed too long. In *Gaines v. Warrick*, 113 Neb. 235, this court held that the question of jurisdiction may be raised by special appearance, regardless of whether it appears from the face of the record, and any error in overruling the same is not waived by answer when the objection is pleaded in the answer. See, also, *Nebraska State Bank v. Citizens State Bank*, 122 Neb. 522. In the case at bar, the special appearance had been overruled and the objection pleaded in the answer. The defendant Duling did not therefore waive the objection by answer or by proceeding to trial upon the merits thereafter. The defendant's attorney was not required to preface every statement made in the trial by a useless repetition of an objection timely made in order not to waive the error.

At the close of the testimony, the court sustained the motion of the defendants, Chicago & Northwestern Railway Company and Ed Roeder, to direct a verdict for the defendants for the reason that the evidence is not sufficient to sustain any of the charges of negligence and not sufficient to sustain a recovery in favor of the plaintiff. In sustaining this motion, the court made the following statement: "I am dismissing the action on the ground that you haven't proved any negligence on the part of the defendants and there is no evidence to show what relationship John H. Behr, the deceased, bore to Hayes E. Duling, deceased, in riding with him in the automobile in which both were killed." This requires an examination of the pleadings and the evidence. The petition alleges that the defendants, Chicago & Northwestern Railway Company and Ed Roeder, were negligent in operating a railway motor car at an excessive speed without furnishing warnings, signs, or without taking due precautions. The plaintiff insists that the Chicago & Northwestern Railway

Company track is hidden from view to a motorist approaching this crossing from the west. The physical facts established by the record negative this claim. The Chicago & Northwestern Railway Company track runs east of and parallel to that of the Union Pacific out of David City to this crossing. At this crossing the tracks are 138 feet apart. The plaintiff, Charles F. Behr, administrator of the estate of John H. Behr, testified that the tracks are about 18 inches higher than the highway and the Union Pacific track 3 or 4 inches higher than the Chicago & Northwestern Railway Company track. Giving this testimony the most favorable construction, the Union Pacific track was elevated 22 inches and the Chicago & Northwestern track 18 inches above the level of the highway. The driver of the car and the passenger were elevated more than this in their seats in the automobile. This same witness testifies that there was no sign reading "two tracks" west of the Union Pacific track and that one could not tell there were two tracks until one was 70 paces from the Union Pacific track which was 138 more feet from the Chicago & Northwestern track. There is a photograph of the highway taken some distance back from the crossing which shows the railway crossing is visible for considerable distance. There is some evidence indicating that the crossing was obscured and hidden so that a motorist coming from the west could not see it. But this evidence is clearly disproved by the physical facts and conditions. Where the evidence essential to a recovery by plaintiff is clearly disproved by physical facts and conditions, the trial court should direct a verdict for defendant. *Dodds v. Omaha & C. B. Street R. Co.*, 104 Neb. 692; *Oliver v. Union P. R. Co.*, 105 Neb. 243; *Anderson v. Altschuler*, 125 Neb. 853.

There is no evidence that the railway motor car was operated at an excessive rate of speed. At the time of trial, the petition did not allege that the motor train failed to give warning of its approach. More than a month thereafter, the plaintiff requested leave to amend his peti-

tion to conform to the evidence. Without discussing the right of plaintiff to amend the petition at so late a date, it is sufficient to state that the evidence does not support such an allegation of negligence. Plaintiff's witnesses Reck and Whitney testified that the whistle was blown. Reck stated he did not hear the bell as also did witness Johannes. Witnesses for defendant testified that the signals were given for the crossing. Since the evidence would not support a finding of negligence on the failure to sound signals, there could be no error of the trial court in refusing to allow the amendment.

The facts in this case may be simply stated. Behr and Duling were driving an automobile east on the highway toward this unobstructed railroad crossing at a speed of 50 miles an hour. They did not slacken their speed and were hit by a motor train. As stated by the trial court, the evidence does not establish the relationship of the parties. If the deceased was an invited guest, the standard of duty is the same as the driver's, although the duty is fulfilled in a different way. There is no evidence that he performed this duty, and a failure to perform it would constitute negligence. *Glick v. Poska,* 122 Neb. 102; *Tomjack v. Chicago & N. W. R. Co.,* 116 Neb. 413.

But if he were not an invited guest but was engaged in a joint enterprise the plaintiff cannot recover. In *Johnston v. Delano,* 100 Neb. 192, this court held: "When two persons of equal authority are riding in a vehicle which is driven upon a railroad track in front of an approaching train in full unobstructed view, it is immaterial which of the parties is driving, since, if either party looked and listened, he must have seen the approaching train."

Driving an automobile upon railroad tracks where there is an unobstructed view in front of a train without looking and listening is more than slight negligence and sufficient to defeat a recovery. This rule has been stated so often that it is unnecessary to repeat it here. The evidence is not sufficient to establish that the negligence of defendants, Roeder and the Chicago & Northwestern Rail-

way Company, was the proximate cause of the accident and the death of the plaintiff's deceased. There is no reversible error in the record, and the judgment should stand affirmed.

AFFIRMED.