FRANCES FULCHER, APPELLEE, V. ALDEN DAVIS IKE, APPELLANT.

6 N. W. (2d) 610

FILED NOVEMBER 27, 1942. No. 31399.

*Stewart, Stewart & Whitworth* and *Rosewater, Mecham, Shackelford & Stoehr,* for appellant.

*Baylor, Tou Velle & Healey, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-MORE and YEAGER, JJ.

YEAGER, J.

This is an action for damages for personal injuries by Frances Fulcher, plaintiff and appellee, against Alden Davis Ike, defendant and appellant.

The action was tried to a jury in the district court for Lancaster county, Nebraska. At the conclusion of the submission of evidence by the parties, on motion of the plaintiff, the court resolved all issues of negligence and of con-

tributory negligence in favor of the plaintiff and withdrew such issues from the consideration of the jury, and submitted only the question of the amount of damages to be returned in favor of the plaintiff, and instructed the jury accordingly. A verdict was returned in favor of plaintiff for $4,000, and judgment was entered thereon and the defendant has appealed.

At the time of the accident, which is the basis of the cause of action, plaintiff was a passenger in an automobile then being operated by one Jesse M. Polson in an easterly direction on a highway known as the S. Y. A. highway, in Lancaster county, Nebraska. The particular point on the highway was approximately 11 miles west of Lincoln, Nebraska. She charges that the defendant negligently drove an automobile which he was operating into the rear end of the automobile in which plaintiff was riding, causing the injuries and damages which she claims she sustained.

The defendant by answer denied that he was guilty of any negligence. The answer affirmatively charged that the plaintiff at the time of the accident was engaged in a joint enterprise with Polson and the other occupants of the automobile in which she was riding, and that the accident was the direct and proximate result and was solely caused by the joint and concurring negligence of the plaintiff, of Polson and one Leo Bert Hafer.

The defendant assigns as errors, among others, that the court erred in refusing to submit the question of negligence of the defendant to the jury; that the court erred in refusing to submit the question of contributory negligence of the plaintiff to the jury, and substantially in refusing to submit the question of negligence of Polson and Hafer as being the proximate cause of the accident.

These assignments of error require an analysis of the pertinent material evidence adduced by the parties. On certain phases of the evidence there is no dispute. An accident did occur in which the parties to this action were involved, and it occurred on what is known as the S. Y. A. highway, in Lancaster county, Nebraska, approximately 11

miles west of Lincoln, Nebraska, at about 9 p. m. on November 24, 1940, and in the accident plaintiff was injured. The plaintiff was a passenger and at the time of the accident was riding in the back seat of an automobile then being operated in an easterly direction on the right side of the center line of the highway by Jesse M. Polson. The accident came about because the defendant drove the automobile which he was operating into the rear end of the automobile in which plaintiff was riding. The automobile in which plaintiff was riding was, by the force of the collision, propelled about 183 feet eastward and into a ditch on the north side of the highway. At the time of the accident darkness had fallen and it was somewhat cloudy with slight fog. Both automobiles were properly lighted at the time of the accident. The accident occurred approximately 134 feet east of the crest of a hill, which hill descended to the eastward with a grade varying from about .3 to about 5.5 per cent. between the crest and the point of the accident.

The defendant contended, and he adduced evidence to support his contention, that at the time of the accident he was driving at a rate of speed from 40 to 50 miles an hour, and that because of the hill which elevated his lights above the automobile in which plaintiff was riding he was unable to see the said automobile until the distance between the two automobiles was about 80 feet, which distance was insufficient to allow him to stop without a collision. Defendant also adduced evidence to the effect that the automobile in which plaintiff was riding was stopped on the highway and that an automobile operated by Leo Bert Hafer, headed also in an easterly direction and a few feet to the north of and parallel with the Polson automobile was also stopped, and that the two automobiles blocked the highway. All of this evidence is in sharp conflict except that it is admitted that the Polson and Hafer automobiles were headed eastward and were parallel as claimed. The plaintiff's evidence is to the effect that the Polson and Hafer automobiles were moving eastward at a speed variously estimated at from 15 to 20 miles an hour when the accident occurred. Also, the

evidence of plaintiff indicates that the defendant, with proper lighting of his automobile, could have, in the exercise of proper care, seen objects over a much greater distance than the intervening space of 134 feet between the two automobiles when defendant's automobile came over the crest of the hill.

As has already been pointed out, the defendant urges that the court erred in failing to submit to the jury claimed contributory negligence of the plaintiff. It is urged that as an invited guest plaintiff was charged with the duty to warn the driver of danger observable to her, and for failure so to do she was chargeable with contributory negligence. As a rule of law it is the duty of an invited guest in an automobile driven by another, with knowledge of approaching danger, to exercise ordinary care to warn the driver of the danger, unless to a reasonably careful, cautious and prudent person it appears that the warning would be of no avail or go unheeded, or that the driver observed or should have observed the danger, as well as the guest, and for failure to give such warning the guest would be chargeable with contributory negligence. Also, it is the duty of an invited guest, with knowledge of approaching danger, in the exercise of ordinary care to protest to the host if there is time and opportunity, unless it reasonably appears that such protest would go unheeded or would be of no avail, and for failure so to do the guest would be chargeable with contributory negligence. *Morris v. Chicago, B. & Q. R. Co.*, 101 Neb. 479, 163 N. W. 799; *Tomjack v. Chicago & N. W. R. Co.*, 116 Neb. 413, 217 N. W. 944; *Murphy v. Shibiya*, 125 Neb. 487, 250 N. W. 746. The rule has no application, however, in this case, since there is no evidence from which a reasonable inference could be drawn that plaintiff knew or could have known of danger to herself or the automobile in which she was riding prior to the accident. That the speed of the automobile was reduced she knew, but there is no evidence to apprise her of any intention on the part of the driver to stop on the highway.

Again, the defendant urges that plaintiff was engaged

upon a joint enterprise with Polson and others, and that thereby she became chargeable with the negligence, if any, of Polson. There is no evidence to support this contention. The evidence points conclusively to invitation as a guest and not to joint enterprise.

We turn now to the theory upon which the trial court withdrew all questions from the consideration of the jury except that of damages.

In a jury case where different minds may draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury, but where the evidence is undisputed, or but one reasonable inference or conclusion can be drawn from the evidence, the question is of law for the court. *Craig v. Chicago, St. P., M. & O. R. Co.,* 97 Neb. 426, 150 N. W. 374; *Hickey v. Omaha & C. B. Street R. Co.,* 140 Neb. 665, 1 N. W. (2d) 304.

The trial court under authority of this rule applied to the facts of this case the general rule first announced by this court in *Roth v. Blomquist,* 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473, as follows:

"As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps."

The case recognizes exceptions to the general rule as is pointed out in the opinion. The rule with recognized exceptions has been followed since it was first announced. *Benton v. State,* 124 Neb. 485, 247 N. W. 21; *Cotten v. Stolley,* 124 Neb. 855, 248 N. W. 384; *Murphy v. Shibiya, supra; Most v. Cedar County,* 126 Neb. 54, 252 N. W. 465; *Hendren v. Hill,* 131 Neb. 163, 267 N. W. 340; *Redwelski v. Omaha & C. B. Street R. Co.,* 137 Neb. 681, 290 N. W. 904; *Fischer v. Megan,* 138 Neb. 420, 293 N. W. 287; *Stocker v. Roach,* 140 Neb. 561, 300 N. W. 627; *Nichols v. Havlat,* 140 Neb. 723, 1 N. W. (2d) 829.

The appellant here contends substantially that the rule itself is unsound, and in any event that this case should

not be controlled by the general rule, but should fall within the recognized exceptions, and that the jury should have been permitted to pass upon the question of whether or not he was in fact guilty of negligence.

We do not deem it necessary at this time to discuss the soundness of the rule, but a discussion of the application of the exceptions is pertinent.

The defendant, while tacitly admitting that had the two automobiles been on a level and straight highway he could have seen the Polson automobile in time to avoid colliding with it, insists that the exception rather than the general rule should apply in this instance since, because the topography of the road was such that, although his lights were burning properly and were adjusted according to law, he was unable to see the Polson automobile until he was within approximately 80 feet of it, which did not allow him sufficient space or time within which to stop, this in view of the fact that his evidence indicates that the Polson automobile was stopped in his path on the right and the Hafer automobile on the other or left side of the highway.

We think that, clearly under the evidence of the defendant, and if it were not for the general rule announced as a rule of law in *Roth v. Blomquist, supra,* the issue of negligence of the defendant would have been for the jury under the well-established and generally accepted definitions of negligence, which definitions in essence require factual determinations, these being jury functions, and the application thereto of legal principles.

"Negligence" has been variously defined as:

. "The want of ordinary care, that is, the want of such care as a reasonably prudent and careful person would exercise under like circumstances."

"The absence of care in the performance of an act, which may be one of omission or of commission; it is the breach of a duty which one owes to another by reason of the relationship existing or the circumstances presented."

"Consists in the doing or omitting to do some act which a person in the exercise of ordinary care and prudence would

not do or omit to do, and which act, if done or omitted by him, contributed and helped to produce the injury complained of."

"Failure to observe or do something one ought to have seen or done and would have noticed or done with ordinary vigilance; the failure to be prepared for something visible, or at least of probable occurrence, or that might be reasonably expected to happen."

"Failure to do what a prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the circumstances would not have done. The duty is indicated and measured by the exigencies of the occasion."

"In actions for personal injury, means the doing of some act which a cautious and prudent man would not do, or the neglecting to do some act which a cautious and prudent man would not neglect."

"Doing something which ordinarily careful person would not do, or failure to do something which ordinarily careful person would do."

"Failure to exercise such care as ordinarily prudent persons exercise under like or similar circumstances."

28 Words and Phrases (Perm. ed.) pp. 337, 339, 340, 341 (Negligence—collected definitions).

"Failure to do what reasonable and prudent persons would ordinarily have done under the circumstances and situation, or doing what reasonable and prudent persons under the existing circumstances would not have done." *Omaha Street R. Co. v. Craig*, 39 Neb. 601, 58 N. W. 209; *Eaton v. Merritt*, 135 Neb. 363, 281 N. W. 620.

"Consists in the doing of some act, under circumstances surrounding the accident involved, which a man of ordinary prudence would not have done, or the failure to do some act or take some precaution which a man of ordinary prudence would have done or taken." *Meyers v. Neeld*, 137 Neb. 428, 289 N. W. 797.

"Consists of doing what a reasonable and prudent person would not have done, or in not doing what a reasonable and

prudent person would have done under the existing circumstances." *Blanton v. Michael, Swanson & Brady Produce Co.,* 138 Neb. 883, 295 N. W. 883.

From an examination of the definitions, the gist of negligence is failure to exercise the care of a reasonable and prudent person under a given set of circumstances. In fact, except in the case of specific judicial or statutory declaration, there are no other criteria by which negligence may be determined. The test then is made by submission of the facts, if they are not admitted or if not more than one inference or conclusion may be drawn from the evidence, to a jury to determine whether or not the person charged with negligence failed to exercise the care, caution and prudence required of a reasonably careful, cautious and prudent person under the given circumstances.

It would appear, therefore, that the general rule with exceptions, which provides that it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by the lamps on the automobile, should embrace in the exceptions all situations wherein reasonable minds may differ on the question of whether or not the operator of the automobile exercised the care, caution and prudence required of a reasonably careful, cautious and prudent person under the circumstances of the particular situation. Any lesser limitation of this general rule would have the effect of destroying, to that extent, the fundamental concept of negligence and, to that extent, of transferring a jury function to the judge.

In the light of these observations, was the evidence adduced of such a kind and character, if believed, that reasonable minds could differ on the question of whether or not the defendant exercised the care, caution and prudence required of a reasonably careful, cautious and prudent person under the circumstances disclosed?

The testimony on his behalf was to the effect that he was violating no law or rule of the road as to speed or place of driving; his automobile was properly lighted; he could not

see the automobiles in front until he was approximately within 80 feet of the other automobiles on account of the deflection of his lights, which was caused by the contour of the highway; he made every possible effort to stop; he could not stop within the intervening space, and that the two automobiles were stopped in front of him and blocked the highway.

We are unwilling to say and we conclude that the trial court erred in saying as a matter of law that the defendant was guilty of negligence. The question of whether or not the defendant was guilty of negligence should have been submitted to a jury under proper instructions.

As has been pointed out, the defendant urges that it was error to refuse to submit the question of the negligence of the plaintiff, Jesse M. Polson and Leo Bert Hafer, which alleged negligence defendant charged was the proximate cause of the accident. In view of what has already been said with regard to the alleged negligence of plaintiff, it is sufficient to say there was no error. The defendant had no burden, and it was not error to refuse to permit him to assume the burden, of showing that another or others not charged jointly or in complicity with him with responsibility for the accident were solely responsible for the accident. Under the circumstances he was charged only with the defense of the claimed liability against him. Of course he had the right to show all of the facts and circumstances, not for the purpose of fixing liability upon Polson and Hafer, but for the purpose of relieving himself.

The judgment of the district court is reversed, and the cause remanded for a new trial in accordance with the views expressed herein.

REVERSED.