MYRON O. JOHNSON, APPELLANT, v. HAZEL A. BATTEEN, APPELLEE.

13 N. W. 2d 625

FILED MARCH 10, 1944. No. 31671.

*C. M. Skiles* and *Albert S. Johnston,* for appellant.

*Baylor, Tou Velle & Healey, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an action to recover for personal injuries and damages to a car, arising as a result of an intersection collision. There were presented the questions of defendant's negligence and plaintiff's contributory negligence. The trial court submitted the case to the jury. Defendant prevailed. Plaintiff appeals. We affirm the judgment of the trial court.

Plaintiff's principal assignment of error is directed at the following instructions: "Slight negligence means the want of great care and diligence, or, in other words, the absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use.

"Gross negligence is defined as the want of slight care and diligence and includes a failure to exercise any care to avoid injury to person or property."

In the instruction on comparative negligence, the court instructed the jury in part as follows: "If, in comparing the negligence of the plaintiff and defendant you find from the evidence that the contributory negligence of the plaintiff exceeded in any degree that which under the circumstances in this case amounted to slight negligence, or if the negligence of the defendant was in any degree short of gross negligence under the circumstances, then the contributory negligence of the plaintiff, however slight, will defeat a recovery by the plaintiff in this case."

Plaintiff's objection goes to the definition of slight negligence when read in connection with the comparative negligence instruction, and contends that it places a burden upon the plaintiff of proving that he exercised a higher degree of care than the law requires.

In addition to these instructions, the court instructed the jury that: "Negligence is the omission to do something which a reasonable person, guided by those considerations which ordinarily govern the conduct of human affairs, would do, or doing something which a prudent and reasonable person would not do; in other words it is the absence of care according to the circumstances;" and "By ordinary care is meant that amount or degree of care which common prudence and a proper regard for one's own safety and the safety of others would require under the circumstances shown in the evidence."

The criticized definition of slight negligence is one approved by the authorities. See 45 C. J. 666; 39 Words and Phrases (Perm. ed.) 381; Black's Law Dictionary (3d ed.) 1233; Ballentine's Law Dictionary, 1209; 38 Am. Jur. 690.

It is difficult, if not impossible, to write instructions that are criticism-proof. The question on appeal is: Is the instruction so erroneous as to be prejudicial and to require a reversal? This court has said: "The words 'slight' and 'gross' are words of common use which are understood by every one of ordinary intelligence. An attempt to define these words would have been superfluous. Any one of common sense knows that slight negligence actually means small or little negligence, and that gross negligence means just what it indicates, gross or great negligence." *Monasmith v. Cosden Oil Co.*, 124 Neb. 327, 246 N. W. 623. Also, "Gross negligence means great or excessive negligence; that is, negligence in a very high degree." *Morris v. Erskine*, 124 Neb. 754, 248 N. W. 96. If, in instructing a jury it becomes necessary to define slight and gross negligence, it is suggested that either of the above definitions is clear and acceptable. However, that does not mean that the instructions here given are prejudicially erroneous. Jurors are accepted because they are men and women of common sense and have a common understanding of words ordinarily used in our language. When read in their entirety, we are of the opinion that the instructions enabled the jury to understand the language used in the comparative negligence

instruction, to apply the proper measure to the conduct of the parties, and properly to weigh the evidence by it.

Plaintiff next argues that the motion for a new trial should have been sustained for the reason that the verdict of the jury was clearly against the weight and reasonableness of the evidence. Plaintiff approached the intersection from the west and was proceeding east. The defendant approached from the south and was proceeding north. There were some obstructions to visibility at the southwest corner of the intersection. There is a dispute in the evidence as to the speed of plaintiff's car and of defendant's car when they entered the intersection, as to which car reached the intersection first, and which car had the right of way; there is dispute as to where each party was when the other entered the intersection; there is unanimity as to the point of impact of the two cars within the intersection. We do not consider that the case calls for an application of the rule which plaintiff invokes.

Plaintiff next argues briefly and generally that the court erred in refusing to give certain instructions to which we refer. Requested instruction No. 2 was given by the court in instruction No. 11½ with the exception of one clause which obviously had no application to the facts of the instant case. Requested instruction No. 6 was given in substance by the court in instruction No. 14 with one exception. This instruction had to do with the various items that the jury could consider in arriving at the amount of damages if they found for the plaintiff. The plaintiff asked in the instruction that he could recover for the value of time lost. The court instructed the jury that they could not allow anything for loss of earnings, as there was no competent evidence to sustain such a recovery. In view of the jury's verdict for the defendant, we do not deem it necessary to review the evidence on that point. At best, if error, it was without prejudice. Requested instruction No. 9 was to the effect that if the jury believed certain facts to be true, the plaintiff "would not be negligent in proceeding across said intersection." Without considering other problems

presented by the instruction, it is obvious that the instruction did not include all of the elements which would have to be considered and determined before the jury could make any such a finding. Requested instruction No. 10 was that "As to the speed of the defendant's car, you are instructed that you can take into consideration" certain facts. Again, without considering other problems presented by the instruction, it is obvious that, if otherwise proper, the same rule should apply to a determination of the speed of the plaintiff's car as they would have applied to the speed of the defendant's car.

We find no error in the court's refusal to give the tendered instructions.

The judgment of the trial court is affirmed.

AFFIRMED.