ESSA HAMBLEN, APPELLANT, V. E. G. STECKLEY AND GRACE T. STECKLEY, DOING BUSINESS AS STECKLEY SEED CORN COMPANY, AND HORACE MORRIS, APPELLEES.

27 N. W. 2d 178

Filed April 18, 1947. No. 32177.

*Francis M. Casey,* for appellant.

*Walter H. Smith, Fraser, Connolly, Crofoot & Wenstrand* and *William H. Wright,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Plaintiff sought in this action to recover damages from defendants for injuries allegedly sustained in a collison between a car in which she was riding and defendant Steckley's truck, at an intersection of two ordinary narrow country roads. Plaintiff's husband was driving the car south and defendant Morris, an employee of defendants Steckley, was driving the truck west. The roads sloped downward both from the north and the east to the intersection, and observation by drivers of motor vehicles approaching the intersection was naturally and artificially obstructed both to the east and to the north for some distance. A jury returned a verdict for defendants, upon which judgment was entered. Plaintiff's motion for new trial was overruled, and she appealed, assigning as error substantially that: (1) The trial court erred in submitting the question of plaintiff's alleged contributory negligence to the jury; (2) erred in giving instructions numbered 3, 7, 9, and 10 respectively; (3) erred in failing to grant her a new trial because the foreman of the jury failed to reveal on voir dire that he was a former employee of defendants Steckley; and (4) that the verdict was not sustained by the evidence and was contrary to law. We conclude that the first and second assignments of error should be sustained in part, requiring reversal, in which event it will not be necessary to discuss at length or decide whether or not the third and fourth assignments of error have merit.

Whether or not the trial court should have submitted the question of plaintiff's alleged contributory

negligence to the jury depends upon whether the evidence made that question one of law or fact. The rule in that connection was stated in Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610, wherein it was held: "In a jury case where different minds may draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury, but where the evidence is undisputed, or but one reasonable inference or conclusion can be drawn from the evidence, the question is of law for the court."

In the light thereof, we are required to discuss plaintiff's duty as a guest and determine whether there was any competent evidence that she violated it.

This court held in Crandall v. Ladd, 142 Neb. 736, 7 N. W. 2d 642, that: "The negligence of a husband while driving an automobile with his wife as a guest may not be imputable to her, but she may be responsible for the consequences of her own negligence in failing to warn him of known approaching danger or for failure to protest against his recklessness." See, also, Murphy v. Shibiya, 125 Neb. 487, 250 N. W. 746.

The duty of a guest was discussed in Gleason v. Baack, 137 Neb. 272, 289 N. W. 349, wherein it was held: "The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinarily prudent person under like circumstances. The guest is not required to use the same degree of care as devolves upon the driver. If the guest perceives danger, or if at certain times and places should anticipate danger, he should warn the driver. Ordinarily, the guest need not watch the road or advise the driver in the management of the car." See, also, Glick v. Poska, 122 Neb. 102, 239 N. W. 626.

Also, in Lewis v. Rapid Transit Lines, 126 Neb. 158, 252 N. W. 804, it was held: "Ordinarily, the guest passenger in an automobile has a right to assume that the driver is a reasonably safe and careful

driver; and the duty to warn him does not arise until some fact or situation out of the usual and ordinary is presented." See, also, Rogers v. Brown, 129 Neb. 9, 260 N. W. 794.

As recently as Fulcher v. Ike, *supra,* this court said: "As a rule of law it is the duty of an invited guest in an automobile driven by another, with knowledge of approaching danger, to exercise ordinary care to warn the driver of the danger, unless to a reasonably careful, cautious and prudent person it appears that the warning would be of no avail or go unheeded, or that the driver observed or should have observed the danger, as well as the guest, and for failure to give such warning the guest would be chargeable with contributory negligence. Also, it is the duty of an invited guest, with knowledge of approaching danger, in the exercise of ordinary care to protest to the host if there is time and opportunity, unless it reasonably appears that such protest would go unheeded or would be of no avail, and for failure so to do the guest would be chargeable with contributory negligence."

Bearing in mind the above rules, we have examined the record and conclude as a matter of law that there was no competent evidence justifying submission of plaintiff's alleged contributory negligence to the jury for its determination. It appears without dispute that she observed defendant's oncoming truck as her husband entered the intersection, and warned him at once of the approach of danger by collision therewith. Under the circumstances it could not reasonably be found that she failed to observe and perform any duty imposed upon her by the law.

In that situation it will be unnecessary for us to discuss at length whether or not instruction No. 7 erroneously attempted to define plaintiff's duty. It is sufficient to say that the instruction itself was not prejudicially erroneous but was erroneously given be-

cause it did not have application under the circumstances.

Likewise, for want of application, it would ordinarily be unnecessary for us to discuss at length whether or not instruction No. 3 was erroneous. However, having concluded that the instruction in and of itself was prejudicially erroneous, we are impelled to point out the reasons for it. In the instruction it was said: "Gross negligence may be defined as a wanton or reckless disregard for the safety of others."

This court has disapproved and held such an instruction to be erroneous upon several occasions not only in cases under the guest statute but also in those involving only the comparative negligence statute. It is true that gross negligence is inclusive of wanton or reckless conduct, but gross negligence is not so limited.

Beginning with Morris v. Erskine, 124 Neb. 754, 248 N. W. 96, this court took the position that under the guest statute: "Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, and such, we think, is the meaning intended by the legislature." In that opinion the court refused to hold and specifically disapproved the contention that gross negligence should be defined as an intentional failure to perform a manifest duty or that the injury must have been inflicted intentionally or in a wanton or reckless disregard for the safety of others.

In Gilbert v. Bryant, 125 Neb. 731, 251 N. W. 823, we adhered to that position, and in a discussion of the guest statute enacted by the Legislature it was said: "They did not define 'gross negligence' or use in connection with those words any such terms as 'abandoned, monstrous and approximately wanton disregard of safety' or 'intentional indifference to the danger.' They intended, of course, to increase, beyond want of ordinary care or slight negligence, the degree of negligence es-

sential to the right of a motorist's guest to recover damages for personal injuries."

Also, in Sterns v. Hellerich, 130 Neb. 251, 264 N. W. 677, it was held: "The term 'gross negligence,' as used in the automobile guest statute, signifies a degree of negligence greater than want of ordinary care or slight negligence, but not necessarily extending to wanton, wilful or intentional disregard for the guest's safety."

In the recent guest case of Landrum v. Roddy, 143 Neb. 934, 12 N. W. 2d 82, 149 A. L. R. 1041, this court disapproved an instruction defining gross negligence as: "* * * such an absence of care * * * as may be described as reckless and such as indicates a reckless disregard for the consequences." In the opinion it was said: "In Morris v. Erskine, *supra,* we said: 'Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, * * *,' and this definition has been approved in many of our decisions since that opinion. However, there are other decisions of this court defining gross negligence which do not use the exact language of the definition in Morris v. Erskine, *supra,* but do have the same meaning. None of these definitions refer to the requirement of the act as being reckless, nor do we think any such requirement was intended by the statute." See, also, Belik v. Warsocki, 126 Neb. 560, 253 N. W. 689.

Monasmith v. Cosden Oil Company, 124 Neb. 327, 246 N. W. 623, was not a guest case, but the comparative negligence statute was involved, and complaint was made that the trial court did not give a requested instruction defining slight and gross negligence. In the opinion the court said: "The court did, however, properly define negligence, but did not undertake to define the terms 'gross' and 'slight,' and we think it was not incumbent upon it so to do. The words 'slight' and 'gross' are words of common use which are under-

stood by every one of ordinary intelligence. An attempt to define these words would have been superfluous. Any one of common sense knows that slight negligence actually means small or little negligence, and that gross negligence means just what it indicates, gross or great negligence. No error was committed in the refusal to define words of ordinary meaning which are in common, every-day use."

This court quoted and approved the foregoing statement as recently as Johnson v. Batteen, 144 Neb. 384, 13 N. W. 2d 625, a case involving only the comparative negligence statute, wherein it was held: "Slight negligence actually means small or little negligence.

"Gross negligence means just what it indicates, gross or great negligence, that is, negligence in a very high degree."

In the light of the cases heretofore cited, we can only conclude that the trial court's definition of gross negligence set forth in instruction No. 3 was prejudicially erroneous even if under the evidence plaintiff's alleged contributory negligence had been an issue for submission to the jury.

Instruction No. 9, about which plaintiff complains, attempted to recite the statutory provisions regulating and controlling the speed of motor vehicles. We have examined the instruction and do not deem it erroneous simply because the court used the word "proper" instead of "prudent." As a matter of fact, the word "proper" is used in and is a part of section 39-723, R. S. 1943, from which the first paragraph of the instruction was evidently taken.

There is, however, another inclusion in and there are omissions from the instruction which give it a prejudicially erroneous character. The instruction reads in part: "The statutes further provide that *in such localities as the place in question in this case* the speed shall not exceed 60 miles per hour between the hours of sunrise and sunset, and 50 miles per hour between the

hours of sunset and sunrise, upon any highway outside of a city or village, and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements, and it is the duty of all persons to use due care." (Italics ours) In the absence of certain other applicable statutory limitations and qualifications omitted from and not recited in the instruction, it appears that the language used would naturally lead the jury to erroneously assume that at the time and place of the accident defendant driver had a lawful right to drive at a rate of speed which was in fact unlawful.

In that connection, section 39-7,108, R. S. 1943, as amended by chapter 93, Session Laws of Nebraska, 1945, specifically provides: "(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. * * * (3) The following speeds shall be prima facie lawful, but in any case when such speed would be unsafe, they shall not be lawful: * * * (c) sixty miles per hour between the hours of sunrise and sunset and fifty miles per hour between the hours of sunset and sunrise upon any highway outside of a city or village. (4) The fact that the speed of a vehicle is lower than the foregoing prima facie limits shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, * * * when traveling upon any narrow * * * roadway, or when special hazards exist with respect to * * * other traffic or by reason of * * * highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any * * * vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care; * * * ." The material applicable limitations and qualifications upon speed contained therein should have all been included in the instruction to enable the jury to observe and under-

stand the duty of the drivers in approaching the intersection of narrow country roads at a blind corner where special hazards existed with respect to other traffic by reason of highway conditions.

Instruction No. 10 about which plaintiff complains, related to the weight and credibility to be given the evidence concerning the speed of the vehicles involved. Plaintiff argues that the instruction was prejudicially erroneous because it did not recite a general rule but specifically made an unwarranted contrast between the position and opportunity of plaintiff and the defendant driver respectively to make observation of the other vehicle as it approached the intersection. It would serve no good purpose to repeat the language of the instruction. As we view it, the instruction could have been more appropriately phrased, but it was not prejudicially erroneous. However, in the light of the circumstance that the issues will in all probability again be presented to the trial court, we call attention to the fact that the instruction would clearly portray a proper applicable general rule if the words "such as the truck in this case coming toward him" and the entire last sentence of the instruction, were eliminated therefrom.

An examination of the record discloses that the questions of alleged negligence or concurrent negligence of the respective drivers and proximate cause, together with whether or not plaintiff was injured and the amount of her damages, if any, were for the jury to decide. In that situation, and since there will be a new trial in any event, it becomes unnecessary to discuss or decide whether or not plaintiff's third and fourth assignments of error have any merit.

For the reasons heretofore stated, the case is hereby reversed and remanded for a new trial.

REVERSED AND REMANDED.

CARTER, J., participating on briefs.