LAURA H. MARTINDALE ET AL., APPELLANTS, V. SAMUEL G.
PANTER ET AL., APPELLEES.

289 N. W. 869

FILED FEBRUARY 2, 1940.   NO. 30670.

*Harvey W. Hess* and *Peterson & Devoe,* for appellants.

*Frank A. Peterson* and *Michael T. McLaughlin, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER and MESSMORE, JJ., and ELLIS and WENKE, District Judges.

WENKE, District Judge.

This appeal is from an order of the district court for Lancaster county modifying its decree of foreclosure entered at a prior term upon a petition of the defendants therein, who are appellees in this court; the plaintiffs in the lower court being the appellants here.

The appellants, Laura H. Martindale and S. G. Panter, Jr., the plaintiffs in the lower court, and who will be herein referred to as appellants, on September 10, 1935, filed their foreclosure action in the district court for Lancaster county making the appellees Samuel G. Panter and Catherine H. Panter, husband and wife, defendants, who will be referred to herein as appellees, and had summons issued and personally served upon each of the appellees. This petition, among other allegations, set forth that all items due under the note and mortgage therein being foreclosed drew and were drawing interest at 10 per cent. under the provisions of said note and mortgage. The appellees defaulted, and on November 20, 1935, a decree was entered finding the sum of $6,691.12 due, with interest at 10 per cent., which decree was approved by the attorney for the appellees. On October 14, 1937, in the same action, but at a subsequent term, the appellees filed their petition to modify the decree as to the amount therein found due and the interest due thereon, upon which petition summons was issued and

served upon the appellants. In their petition the appellees allege that on August 11, 1925, they executed and delivered to the Conservative Mortgage Company their note for $3,500 with interest at 5½ per cent. per annum, due September 15, 1930, on which they had paid all interest to and including interest due September 15, 1929; that shortly before the note came due the appellee Samuel G. Panter took up the matter of refinancing the loan with the appellant S. G. Panter, Jr., and that S. G. Panter, Jr., agreed to refinance the loan for the appellee at the same rate, and that pursuant thereto did on or about September 10, 1930, obtain an assignment thereof, and that S. G. Panter, Jr., never made any demand thereafter upon appellees for the payment of any interest, but suggested the note could run without such payment; that on September 10, 1935, the appellants filed their petition demanding 10 per cent. upon the coupon due September 15, 1930, upon the principal amount and taxes paid, and decree was entered allowing the 10 per cent. contrary to said agreement; that the appellant S. G. Panter, Jr., is a son of the appellee Samuel G. Panter and for many years father and son were engaged together in the practice of medicine at Ohiowa, Nebraska; that at all times the relationship of trust and confidence existed between father and son; that the father is now 85 years of age and retired from the practice of medicine and was so retired at the time of the transaction with his son in September, 1930; that because of the relationship between the father and son appellee relied upon the good faith of his son and believed he would carry out his agreement, and because thereof did not scrutinize as carefully as he otherwise might have done the foreclosure proceeding filed herein, but supposed that his son would relate all of the facts to his attorney and to the court and not take a decree for more than the agreement; that the son fraudulently concealed said facts from his attorney and the court. There are further allegations as to an attempted settlement between the parties but which are immaterial in this action.

To this petition the appellants demurred, which demurrer

was overruled, and they subsequently answered. Hearing was had on June 16, 1938, at a subsequent term to that at which the decree was originally entered, and an order was entered modifying the former decree herein entered as to the amount due, and the interest rate, finding for the appellees as to said agreement, and this appeal is from said order.

The first proposition of law relied upon by the appellees to sustain the findings of the lower court is: "Where a party answers over after an adverse ruling on his motion or demurrer and goes to trial on the merits of an issue he has elected to join, he waives the error, if any, in such ruling."

This court has, however, laid down a different rule in a case where the petition does not state facts sufficient to constitute a cause of action. In the case of *Sallander v. Prairie Life Ins. Co.,* 112 Neb. 629, 200 N. W. 344, the court held: "The failure to demur or the subsequent filing of an answer does not waive the right to object to a petition on the ground that it does not state facts sufficient to constitute a cause of action." And in *Markel v. Glassmeyer, ante,* p. 243, 288 N. W. 821, the court held: "By pleading to the merits, the defect that the petition does not state a cause of action is not waived."

For their second proposition of law the appellees cite the rule that, "In the absence of a bill of exceptions, it will be presumed that an issue of fact raised by the pleadings received support from the evidence and that such issue was correctly determined."

However, in the case *In re Estate of Raymond,* 128 Neb. 568, 259 N. W. 522, cited by appellees under this proposition, the court lays down the further rule that, "Where a cause is brought to the supreme court on appeal without a bill of exceptions or special findings, the only question that can be considered by the court is the sufficiency of the pleadings to sustain the judgment of the lower court."

This appeal is here on the transcript and without a bill of exceptions, and will be considered by this court only with reference to the sufficiency of the appellees' petition

as alleging facts sufficient to constitute a cause of action upon which the order of the lower court can be based.

Appellees' fourth and fifth propositions have no application to the facts as alleged in their petition. They refer to the duties and rights of persons standing in a fiduciary or confidential relationship to each other. The facts as pleaded by the appellees show that appellant was an adult son of the appellees, and that their practice of medicine in Ohiowa, Nebraska, had terminated prior to the transaction involved in this action, and that this note and mortgage was the only transaction between them. As was said by the court in the case of *Dick v. Albers,* 243 Ill. 231, 90 N. E. 683, which is cited under appellees' fourth proposition: "It cannot be said, as a matter of law, that because Henry Albers was a son of John Albers he thereby assumed a fiduciary relation to the latter in this transaction. The relationship existing between father and son where the son is an adult and doing business for himself is not necessarily a fiduciary relation to which the equitable doctrine of constructive trusts is applicable. In such case the son would have the same right to purchase the outstanding notes or mortgages against his father that any other person would, and while a fiduciary relation might be established in such case by less evidence than would be required where the parties were entire strangers, still there must be some evidence, outside of the mere blood relationship between the parties, to justify a court of equity in impressing a trust upon the transaction." And in the case of *Gregory v. Bowlsby,* 115 Ia. 327, 88 N. W. 822, quoting from the opinion: "A father bears no such confidential or fiduciary relations to his adult children as to bring transactions between them relating to the land of either under suspicion. He may deal with them as with strangers, and no presumption of fraud or undue influence obtains."

Thus, the purchase by the appellant, an adult son, of the note and mortgage of his father, the appellee, and their agreement as to the interest it was to draw created no confidential or fiduciary relationship between them, nor does

the fact that the relationship of appellant to his attorney is a confidential one create a confidential or fiduciary relationship between appellees and appellant.

From the allegations of appellees' petition, which have been hereinbefore fully set forth, it clearly appears that this defense existed and was known and available to the appellees at the time of the foreclosure action, and that the appellants, in the foreclosure action, clearly and definitely set forth their claim to the 10 per cent. as was provided by the terms of the note and mortgage, and that no confidential or fiduciary relationship existed between the parties; that had a careful examination of the pleadings been made they would have disclosed that the appellants were claiming 10 per cent., and the petition fails to set forth anything that was done by the appellants, or any duty imposed upon them which they failed to do, which in any way prevented the appellees from examining such pleadings, and it was through appellees' own fault and neglect that they failed to do so.

As was held in the case of *Secord v. Powers,* 61 Neb. 615, 85 N. W. 846: "In an action to vacate a judgment on the ground that it was obtained by fraud the plaintiff must allege and prove that he exercised due diligence at the former trial, and that his failure to secure a just decision was not attributable to his own fault or negligence." And in the case of *Miller v. Estate of Miller,* 69 Neb. 441, 95 N. W. 1010, the court has said: "But it is not sufficient for a party seeking the vacation of a judgment or decree to show that it was obtained by the fraud of his adversary, but he must go farther and show that the failure to obtain a just decision is not attributable to his own fault or negligence."

Under their third proposition of law the appellees cite the case of *Young v. Morgan,* 9 Neb. 169, 2 N. W. 237, which is in accordance with the above authorities and holds as follows: "To authorize the interference of a court of equity in such a case, it must appear that it is against conscience to permit the judgment to be enforced, and also that the plaintiff was prevented from making her defense by acci-

dent, mistake, surprise, or by fraud of the adverse party, and that she has not been guilty of neglect in not making her defense."

While it seems rather unfortunate in this case that a son should attempt to burden his father with the maximum of interest upon this obligation contrary to an agreement, as admitted by the demurrer, to charge less, yet it appears from the petition to modify the decree that such defense was available and known to the appellees in the original action, and that it was through their own neglect to carefully scrutinize the pleadings and discover that the appellants were claiming 10 per cent. interest that they find themselves in the present situation, and not because of any act of the appellants. "It is not the policy of the law to encourage actions of this kind. There must be an end to litigation." *Secord v. Powers, supra.* "It is in the highest degree essential to the welfare of the community, and to the respect which should be given to and the confidence which ought to exist in the judgments of a court, that they should not be set aside unless upon the strongest and most convincing grounds" *Scudder v. Evans,* 105 Neb. 292, 180 N. W. 254.

It thus appearing that the appellees have alleged no facts in their petition to modify the decree to show that any act of the appellants prevented them from pleading and having a trial of their defense, or that they exercised due diligence to obtain their rights in the original foreclosure action, or that their failure to carefully scrutinize the pleadings and find out the claim of the appellants, as it was clearly set forth in the foreclosure petition, and to set forth their defense in an answer thereto and to secure a just decision thereon was not attributable to their own fault or negligence, such petition fails to allege sufficient facts to constitute a cause of action upon which to base the decree of the lower court modifying its original decree of foreclosure entered on a prior term, and the demurrer of appellants thereto should have been sustained because of such insufficiency.

The case is therefore reversed and remanded, with directions to enter an order in compliance herewith.

REVERSED.