RUTH BLANTON, ADMINISTRATRIX, APPELLANT, V. MICHAEL, SWANSON & BRADY PRODUCE COMPANY: JOHN BROWN ET AL., APPELLEES.

295 N. W. 883

FILED JANUARY 17, 1941. No. 30922.

*Auburn H. Atkins* and *Floyd E. Wright,* for appellant.

*Mothersead & York, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and MESSMORE, JJ., and HASTINGS and KROGER, District Judges.

KROGER, District Judge.

This is an action for wrongful death brought by Ruth Blanton, as administratrix of the estate of her deceased husband, George Blanton. At the conclusion of plaintiff's evidence, the court sustained defendants' motion for a directed verdict. Plaintiff appeals.

The only allegation of negligence relied upon by plaintiff is that defendants "failed to keep said truck under proper control, and released the brakes on it, and carelessly, negligently and recklessly allowed said truck to back over said blocks of wood and across the body of the deceased, George Blanton, * * *."

The record discloses that on February 18, 1939, George Blanton, aged 35 years, was given temporary employment by Michael, Swanson & Brady Produce Company, of Scotts Bluff county, to assist in loading 200 sacks of potatoes from a potato cellar into a truck owned by John Brown and Alvin Brown and which truck at the time in question was operated by one Nolls (Knowles). The floor of the potato

cellar was six feet below the ground level, and access was by means of a ramp at either end. On the day in question, the truck was backed into the cellar and loaded; while attempting to drive out, the truck began to stall and it was stopped on the ramp by applying the brakes. At this time the rear wheels of the semi-trailer truck were about ten feet up the ramp. The deceased and a man by the name of Kelly obtained some timbers and proceeded to block the rear wheels of the truck. When this was done, Kelly called to Blanton and asked him if he was in the clear and, upon receiving a reply from Blanton that he was in the clear, Kelly called to the driver of the truck to "try it." The driver released the brakes, the blocking started to slip, the wheels went over the blocking and the truck rolled back some distance. Right here is the only conflict in the evidence: One witness stated that the truck rolled back about five feet, two placed it at between six and seven feet, and one witness stated it was between fifteen and eighteen feet. When the truck came to a stop, the rear wheels were on the right arm and shoulder of George Blanton. As quickly as possible he was removed and taken to a hospital, where he died within a few hours. No witness saw what happened to cause Blanton to be under the wheels of the truck when it came to a stop. One witness testified that he saw Blanton turn as if to run when the blocks failed to hold, but saw no more.

In the foregoing statement of facts we have not indicated by whom the various witnesses or participants were employed as, in view of our disposition of the case, that is immaterial.

Plaintiff argues that the foregoing facts raise a question for a jury to determine as to whether the driver of the truck was negligent in permitting the same to roll back over the blocks and down the ramp a distance of from five to eighteen feet.

The defendants take the position that the evidence fails to disclose any negligence on the part of the truck driver and that it affirmatively shows that the deceased was guilty

of contributory negligence which was more than slight under the circumstances.

· Negligence consists of doing what a reasonable and prudent person would not have done, or in not doing what a reasonable and prudent person would have done under the existing circumstances. Viewed in the light of this definition, what did the truck operator do or fail to do that a reasonable and prudent person would have done otherwise? He did not release his brakes until he was told to do so. He had no way of knowing what kind of blocks had been placed back of the wheels as, from his position in the cab of the truck, it was impossible for him to see the rear of the truck. After the blocking proved insufficient, even if it had been possbile for him to stop the truck sooner than he did, there was nothing to warn the driver that it would not be safe to let the truck back onto the cellar floor. The men doing the blocking had stated that they were in the clear. From where they placed the blocks to the cellar floor was but a few steps. It would have been a simple matter for them to get to a place of safety and, at no time, did the driver know that they were in a position of peril.

In view of the evidence in this case, we are of the opinion that there is no evidence of negligence on the part of the driver of the truck which justified submitting the case to the jury, and the motion for a directed verdict in favor of the defendants was properly sustained.

AFFIRMED.