MINOSUKE NAGAKI, APPELLEE, V. ROBERT C. STOCKFLETH, APPELLANT.

4 N. W. (2d) 766

FILED JULY 3, 1942. No. 31346.

*Neighbors & Danielson,* for appellant.

*Bertrand V. Tibbels* and *Dwight Elliott, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

Rose, J.

This is an action to recover $800, the alleged value of an automobile owned by Minosuke Nagaki, plaintiff, and entrusted by him to Robert C. Stockfleth, defendant, for repairs. The relation of the parties with respect to the automobile was that of bailor and bailee. In Scottsbluff, defendant operated a garage in which he was engaged in selling, storing and repairing automobiles. The garage was destroyed by fire February 10, 1940, and with it plaintiff's automobile. In the petition it was alleged that the destruction of the automobile was due to the negligence of defendant in failing to remove it from the garage to a place of safety after discovery of the fire.

Defendant admitted he operated the garage, but otherwise his answer to the petition was a general denial.

The case was first tried in the county court of Scotts Bluff county and resulted in a judgment in favor of plaintiff for $575. Defendant appealed therefrom to the district court where a jury was waived. Upon a trial of the cause the judgment of the district court was the same as that of the county court. Defendant appealed to the supreme court.

The uncontradicted evidence shows that plaintiff entrusted his four-door Oldsmobile sedan to defendant in his garage for repairs and that it was destroyed therein by fire. On appeal defendant contends that the judgment against him for damages should be reversed on the ground that plaintiff did not prove his allegation that the loss of his automobile was due to the negligence of defendant in failing to remove it to a place of safety after discovery of the fire or prove that defendant did not exercise ordinary care as bailee. In this connection it is argued on behalf of defendant that all the cars in the burning building could not be removed in time to save them and that defendant is not chargeable in the existing emergency with the standard of care required of a person having time for reflection. The following is a pertinent general rule:

"A repairman with whom a motor vehicle is left for repairs is, under the rules applicable generally to bailees for

mutual benefit or bailees for hire, required to exercise ordinary care for its safe-keeping, and is liable to the owner for any loss resulting from his negligent acts or omissions, or those of his agents or employees while acting within the scope of their employment." 42 C. J. 814.

This is in harmony with the Nebraska rule which has been stated as follows:

"When a bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee, and makes him responsible for negligence." *Mattern v. McCarthy*, 73 Neb. 228, 102 N. W. 468. See, also, *Sulpho-Saline Bath Co. v. Allen*, 66 Neb. 295, 92 N. W. 354; *Campbell v. Missouri P. R. Co.*, 78 Neb. 479, 111 N. W. 126; *Davis v. Taylor & Son*, 92 Neb. 769, 139 N. W. 687.

Plaintiff would have been entitled to the benefit of repairs and defendant to compensation for making them upon performance of the contract of bailment. The bailment therefore was one for hire or for the mutual benefit of the parties. The record contains evidence tending to prove the following facts: When the fire started, a mechanic in the employ of defendant was at work on plaintiff's car as it stood with the front end toward an open 12-foot door within six to ten feet of an alley in the rear of the building. The motor was running at the time and by a slight turn of the wheel the mechanic in charge of the car could have driven it out of the garage to a place of safety in about a minute. Instead of doing so and of thus preventing its destruction, he abandoned it and went to the stairway to a balcony where the fire was burning among tires and other supplies. Other employees were using a fire extinguisher without success and the mechanic went back to plaintiff's car for his tools, could then have driven the car out, had he thought of it, but went to the office, a distance of 75 or 80 feet, and removed the files containing accounts. In the exercise of ordinary care, there was no emergency to prevent him from saving the car upon which he was at work for the benefit of his employer and plaintiff. Automobiles on which other mechanics had been working at the same time were taken to

places of safety. This with other evidence of similar import is sufficient to sustain the judgment of the district court on the issue of defendant's negligence and resulting liability.

It is insisted, however, that the bailment by contract protected defendant from liability for plaintiff's loss. This proposition is based on the fact that plaintiff's car was driven into defendant's garage through a door above which was a large sign, "Not liable for loss occasioned by fire or theft." The better view on this subject has been stated as follows:

"The liability of one in whose custody an automobile was left for repairs as a bailee for hire is not affected by knowledge of the owner as to the manner in which or the place where the property was kept. The repairman cannot avoid liability for a loss occasioned by lack of ordinary care upon his part by having posted a notice or by having given notice to the owner that he will not be liable, as, for example, where the vehicle is destroyed by fire or is stolen." 42 C. J. 814.

In Nebraska the right of a bailee to limit his liability as such by contract does not extend to exemption from the consequences of his own negligence, if resulting in damages to bailor. *Gesford v. Star Van & Storage Co.*, 104 Neb. 453, 177 N. W. 794; *Keifer & Keifer v. Reconstruction Finance Corporation*, 97 Fed. (2d) 812.

Error in the proceedings and judgment of the district court has not been found.

AFFIRMED.