BARTON S. ARMSTRONG, APPELLEE, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLANT.

43 N. W. 2d 501

Filed July 19, 1950. No. 32808.

*Heaton & Connors,* for appellant.

*E. O. Richards,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action at law commenced in the district court for Deuel County by Barton S. Armstrong, plaintiff, against the State Farm Mutual Automobile Insurance Company, defendant, to recover damages for the destruction of plaintiff's automobile by fire. The trial court directed a verdict for the plaintiff and defendant appeals.

On October 20, 1947, plaintiff was traveling east on U. S. Highway No. 30, and at a point approximately one and one-half miles northwest of Rock River, Wyoming, he became involved in an accident with another automobile. Plaintiff contacted one R. N. Harison at Laramie, Wyoming, who purported to be the agent of the defendant company with whom plaintiff was insured. After informing him of the accident and explaining the circumstances, Harison sent a tow car from Laramie to bring plaintiff's automobile to that point. The next day plaintiff went to the office of Harison where a report of the accident was made to the defendant company on blanks provided by Harison. Plaintiff testified that he talked with Harison about an adjustment of the damages, that Harison informed him that if a cash settlement could not be agreed upon the automobile would be repaired in first-class condition, and that plaintiff would have an opportunity to accept or reject the automobile after it was repaired. On October 21, 1947, the automobile was placed in the Chrysler-Plymouth garage in Laramie for the purpose of having it repaired.

On January 16, 1948, one S. H. Aden of Chappell, Nebraska, who was also reputed to be an agent of the defendant, wrote plaintiff that the defendant insurance

company had placed a value of $1,775 on plaintiff's automobile and asked him to write Harison at Laramie whether he would accept this amount or whether the car should be repaired. Plaintiff thereupon wrote Harison that the value placed on the car was not acceptable and to have the car repaired. On January 21, 1948, Harison wrote plaintiff that he had communicated with the garage at Laramie and that the automobile would be satisfactorily repaired. On May 10, 1948, Aden wrote plaintiff that he had heard from Harison that plaintiff's car had been destroyed by fire.

At the time of the automobile accident the plaintiff was protected by a comprehensive policy of insurance issued by the defendant company. At the time of the destruction of the automobile by fire there was no insurance coverage on the car. This is a suit against the insurance company for damages for the destruction of the car because of the negligent acts of the defendant and its agents.

The petition pleads that the automobile was destroyed by fire through the negligent acts of the agents of defendant company. No specific acts of negligence are pleaded. The case appears to have been tried on the assumption that the defendant company through its agent was negligent. The rule is, however, that one who pleads negligence has the burden of proof to establish it. There is no evidence in the record as to the manner of the destruction of this automobile, the nature or cause of the fire which allegedly destroyed it, or of any act by the defendant or its agents which could be construed as an act of negligence contributing to its destruction. In fact, there is no competent evidence in the record that the automobile was ever destroyed by fire. Appellee argues that the fact that the automobile was placed in the garage on October 21, 1947, and was not repaired until April 13, 1948, constitutes negligence. In the first place, the plaintiff did not elect to have the car repaired until January 19, 1948, and in the second

place, there is no evidence that the delay was due to any act of the defendant or its agent. In any event, the delay in having the automobile repaired, even if chargeable to the defendant, is not a proximate cause of the destruction of the automobile by fire, assuming that it was so destroyed. There is no causal connection between the two. The appellee has failed to establish an act of negligence by the defendant or its agents which was a proximate cause of the loss. Olson v. Omaha & C. B. St. Ry. Co., 137 Neb. 216, 289 N. W. 356; Bohmont v. Moore, 138 Neb. 784, 295 N. W. 419, 133 A. L. R. 270; Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 146 Neb. 47, 18 N. W. 2d 551. Under such circumstances the trial court should have sustained defendant's motion for a directed verdict.

The failure of plaintiff to establish any act of negligence on the part of the defendant company, which was a proximate cause of the loss, requires that the judgment of the district court be reversed and the action dismissed. This makes it unnecessary to discuss other questions raised by the appeal.

REVERSED AND DISMISSED.