FEDERAL INSURANCE COMPANY, APPELLANT, V.
INTERNATIONAL HARVESTER COMPANY, A
CORPORATION, APPELLEE.
83 N. W. 2d 382

Filed May 24, 1957.   No. 34184.

*Robert W. Haney* and *Thomas J. Walsh*, for appellant.

*Fitzgerald, Hamer, Brown & Leahy*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Lyman-Richey Sand & Gravel Corporation of Omaha was the owner of a 1950 tractor, sometimes referred to in the record as a truck. The owner was indemnified against loss of or damage to it by fire by virtue of a policy of fire insurance issued to it by appellant. The tractor, while in the custody of appellee for the purpose of having a change made in a part of its equipment, was damaged by fire to the extent of $1,992.91. This amount was paid to the owner of the tractor by appellant. It seeks to recover that amount from appellee on the basis of the subrogation of appellant to the rights of its insured.

The substance of the petition is that on May 24, 1950, the tractor was being serviced by employees of appellee acting within the scope of their employment at its place of business; that while the gasoline tank of the tractor was being drained of gasoline the tractor burst into flames and the fire caused damage to the tractor in the amount of $1,992.91; that the tractor and the apparatus used in reference to it were in the control of appellee; and that appellant was obligated by the policy of insurance to pay and it paid the amount of the damage to the insured as evidenced by a subrogation receipt, a copy of which was attached to the petition. The answer of appellee admitted ownership of the tractor, the issuance of the fire insurance policy, and the damage to the tractor by fire while it was in the shop of appellee and while the gasoline tank thereon was being drained of gasoline, as alleged in the petition of appellant. A denial was made of the other statements of the petition.

The appellee, at the first offer of testimony by appellant, objected to the introduction of any proof in the case because the petition did not allege facts sufficient to state a cause of action in favor of appellant and against appellee. The trial court reserved ruling thereon. Appellee, at the close of the evidence of appellant in its

case-in-chief, interposed a motion for an instructed verdict in favor of appellee. The motion challenged the sufficiency of the petition to state a cause of action against appellee. The motion was denied. Appellee made a motion to dismiss the case or, in the alternative, for an instructed verdict, after the evidence was concluded and a specification thereof was that the petition of appellant did not state facts sufficient to constitute a cause of action against appellee and failed to allege any negligence of appellee which was the proximate cause of the fire of May 24, 1950. The court sustained the motion, discharged the jury, and rendered a judgment of dismissal of the case. A motion for new trial was denied. This appeal tests the correctness of the action of the trial court in rendering a judgment of dismissal and refusing a new trial of the cause.

The issue concerning the sufficiency of the petition to state a cause of action against appellee is of primary importance in this case. Appellant asserts that if a bailee accepts delivery of a chattel for the purpose of special service in relation to it for a consideration and agrees to return the subject of the bailment to the bailor in otherwise unaltered condition, upon the completion of the service and payment of the agreed charge therefor, the duty of the former is to return the chattel to the latter in the condition it was when received, except as altered by the service performed on it by the bailee, and the bailment is not conditioned upon the exercise of due care and the observance of due care is not a defense to an action of the bailor against the bailee for damages for breach of the agreement. Appellant says that the case of Bozell & Jacobs, Inc. v. Blackstone Terminal Garage, Inc., 162 Neb. 47, 75 N. W. 2d 366, is a leading case on this subject and is determinative of the instant case. It is said therein: "* * * the defendant contracted to return the plaintiff's car to it in substantially the same condition as when it was received. It was not conditioned on the exercise of due care * * *.

The promise as testified to by both parties was absolute. The exercise of ordinary care is not a defense under these conditions. The law does not warrant it." The facts in that case and the facts pleaded in this case have no similarity and what is said in Bozell & Jacobs, Inc. v. Blackstone Terminal Garage, Inc., *supra*, is unimportant in the cause now being considered because appellant has not pleaded an express or a special contract of bailment of the machine concerned in this case. The petition states only that Lyman-Richey Sand & Gravel Corporation of Omaha was the owner of the International truck, that it was being serviced by appellee acting by its employees in its place of business, and that while the gas tank was being drained under the exclusive control and management of the employees the truck burst in flames and was damaged. Bozell & Jacobs, Inc. v. Blackstone Terminal Garage, Inc., *supra*, is not only not decisive of this case but it has no application to and can have no effect in the decision of it.

The most that the petition says is that the owner of the tractor placed it in the custody of appellee to be serviced, that appellee accepted the assignment and was performing it when the fire occurred, and that the tractor was thereby damaged. It was a bailment for hire sometimes referred to as a reciprocal bailment. Although no direct hire was pleaded for the bailment, it was a necessary incident of the business conducted for profit. Nagaki v. Stockfleth, 141 Neb. 676, 4 N. W. 2d 766; Shiman Bros. & Co., Inc. v. Nebraska Nat. Hotel Co., 146 Neb. 47, 18 N. W. 2d 551. In the instance of such a bailment, ordinary care is required of the bailee and he is liable for his negligence in case of loss or damage of the subject of the bailment.

It is stated in Mattern v. McCarthy, 73 Neb. 228, 102 N. W. 468: "When a bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee, and makes him responsible for negligence." The opinion in that case contains this:

"The contract was for the benefit of both parties. The bailor delivered the possession of his cattle to the bailee with the intention upon the part of both of the parties to the contract that the result of the agistment would be mutually advantageous. * * * The general rule of law is that, where a bailment is mutually advantageous to both parties, the bailee is required to exercise only ordinary and reasonable care and diligence. He must exercise such care as a man of ordinary prudence would use under the same circumstances toward his own property."

The statement first quoted above is repeated in Nagaki v. Stockfleth, *supra*, and it is further said therein: "The following is a pertinent general rule: 'A repairman with whom a motor vehicle is left for repairs is, under the rules applicable generally to bailees for mutual benefit or bailees for hire, required to exercise ordinary care for its safe-keeping, and is liable to the owner for any loss resulting from his negligent acts or omissions, or those of his agents or employees while acting within the scope of their employment.' 42 C. J. 814. This is in harmony with the Nebraska rule * * *."

In Shiman Bros. & Co., Inc. v. Nebraska Nat. Hotel Co., *supra*, the appellant, plaintiff in the trial court, contended that the rule in this state places the burden on a bailee for hire to show that property entrusted to his care was lost without negligence on his part. The appellant requested an instruction which placed the burden on the appellee, defendant in the district court, to establish that the trunk and contents were not lost by reason of the negligence of appellee. It was not given and its refusal was claimed to be error. This court said the case was predicated on negligence of the appellee and that: "In this state when a party alleges and charges negligence, the burden of proving negligence on the part of the defendant rests upon the plaintiff and never shifts to the defendant in any stage of the case. * * * The court's instructions properly placed the

burden of proof * * *." See, also, Fuelberth v. Splitt-gerber, 150 Neb. 309, 34 N. W. 2d 380; Armstrong v. State Farm Mutual Automobile Ins. Co., 153 Neb. 144, 43 N. W. 2d 501; Blackburn v. Norris, 46 Ohio App. 469, 189 N. E. 262; Clark v. United States, 95 U. S. 539, 24 L. Ed. 518; 6 Am. Jur., Bailments, § 242, p. 345; 8 C. J. S., Bailments, § 27, p. 269; Annotation, 15 A. L. R. 681.

Appellant does not in its petition plead a case of non-return of the property, the subject of the bailment, or damage thereto in an unknown manner but appellant goes further and alleges the property was damaged in a definite manner, that is, by a fire, which alone does not give rise to any presumption of negligence of the bailee. Security Ins. Co. v. Coca-Cola Bottling Co., 157 Neb. 923, 62 N. W. 2d 127. In such a situation the litigant claiming a right of recovery from a bailee must allege negligence on his part as the proximate cause of the damage. The petition does not allege that negligence of appellee was the proximate cause of the fire or of the damage to the tractor. It does not state a cause of action against appellee and the court properly dismissed the case. The failure of a petition to state a cause of action may be challenged at any time during the pendency of the litigation. § 25-808, R. R. S. 1943; Martindale v. Panter, 137 Neb. 522, 289 N. W. 869; Stitzel v. Hitchcock County, 139 Neb. 700, 298 N. W. 555.

The judgment should be and it is affirmed.

AFFIRMED.