FREEPORT MOTOR CASUALTY COMPANY, A CORPORATION, APPELLEE, v. MCKENZIE PONTIAC, INC., A CORPORATION, ET AL., APPELLANTS.

107 N. W. 2d 542

Filed February 10, 1961. No. 34852.

*Lawrence R. Brodkey,* for appellants.

*Ross & O'Connor,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

WENKE, J.

Freeport Motor Casualty Company, a corporation organized and existing under the laws of Illinois, brought this action in the district court for Douglas County against McKenzie Pontiac, Inc., a Nebraska corporation, Roderick E. McKenzie, and Thomas Record. Plaintiff, for its cause of action, alleges that it insured John F. Bergmann's 1955 Pontiac Catalina coupé automobile against comprehensive loss or damage; that while said policy was in force Bergmann's automobile was stolen while in the possession and custody of defendants for repair; that said car was totally demolished; that said theft and resulting damage to Bergmann's automobile were caused by the defendants' negligence; and that as a result of the Bergmann automobile being stolen and demolished plaintiff was required to pay Bergmann, under the terms of its policy, the sum of $1,397.50, which it herein seeks to recover. Trial was had to a jury upon the issues raised by the parties. However, at the conclusion of the trial, plaintiff moved for a judgment against the defendants on its rights as subrogee of John F. Bergmann. This motion the trial court sustained and rendered a judgment for the plaintiff in the sum of $1,397.50, with interest at the rate of 6

percent from date thereof against each of the defendants. Defendants, and each of them, thereupon filed a motion for new trial. This appeal was taken from the overruling thereof.

John F. Bergmann, at all times herein material, lived in Plattsmouth, Nebraska, where he owned and operated an appliance business and filling station. We shall hereinafter refer to him as Bergmann. He and his mother, Clara Bergmann, owned a 1955 Pontiac Catalina coupé automobile which was insured by appellee. On Friday, May 31, 1957, Bergmann took this automobile to appellant McKenzie Pontiac, Inc., located at Twenty-fourth Street and Deer Park Boulevard in Omaha, Nebraska, to have seat covers put on and the differential repaired.

Appellant McKenzie Pontiac, Inc., a Nebraska corporation, is apparently owned by appellant Roderick E. McKenzie, to whom we shall hereinafter refer as McKenzie. McKenzie had incorporated the business he was conducting at Twenty-fourth Street and Deer Park Boulevard in Omaha as McKenzie Pontiac, Inc. Appellant Tommy Record, a mechanic and to whom we shall hereinafter refer as Record, was at that time working for McKenzie Pontiac, Inc., and had been working for McKenzie since November 1948. McKenzie was primarily operating a used car business at this point but was also operating a limited repair service in connection therewith for his customers.

Bergmann left the automobile with Record, who was a friend of his. Bergmann testified that when he left the automobile with Record he noticed a carnival company had set up for operation on a vacant lot about one-half to three-quarters of a block north of the intersection of Twenty-fourth Street and Deer Park Boulevard. During the afternoon of Saturday, June 1, 1957, while the Bergmann automobile was still in the possession and custody of appellants, it was stolen and thereafter, later

that same day, damaged beyond repair. As a result appellee paid the Bergmanns the sum of $1,650.

The foregoing is only intended to be a general statement setting forth the relationship of the parties and of what happened. We shall set out the facts in greater detail in connection with our discussion and disposition of the errors complained of.

Appellants claim appellee affirmatively alleged a legal liability to pay Bergmann but failed to prove that was true, contending a mere volunteer cannot maintain an action based on subrogation. We said in Scandinavian Mutual Ins. Co. v. Chicago, B. & Q. R. R. Co., 104 Neb. 258, 177 N. W. 178, that: "A payment of a liability of another by one who is under no legal or moral obligation to pay the same does not entitle the volunteer to subrogation in the absence of an agreement to that effect." Assuming, but not deciding, that what appellants claim is true and that appellee acted in the capacity of a volunteer in paying the Bergmanns, we still think appellee can maintain the action for in the "Release" signed by both Bergmann and his mother, when they acknowledged having received from appellee the sum of $1,650, is the following provision: "* * * said Company (appellee) * * * is hereby subrogated to all rights of recovery which the assured (Bergmanns) may have * * * against any * * * person or persons on account of said loss or damage, * * *."

"A bailee of a chattel for the mutual benefit of the parties to the bailment or for hire, in the absence of an express contract, is liable to the bailor only for any loss resulting from the negligence of the bailee." Federal Ins. Co. v. International Harvester Co., 164 Neb. 698, 83 N. W. 2d 382. See, also, Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 146 Neb. 47, 18 N. W. 2d 551; Nagaki v. Stockfleth, 141 Neb. 676, 4 N. W. 2d 766; Carty v. Lemmon Auto Co., 72 S. D. 559, 37 N. W. 2d 454. Bergmann's contract with appellants for the repair of his automobile was one of bailment for hire and

appellee, as subrogee of the Bergmanns, has, as such, whatever rights the Bergmanns may have had against appellants under the foregoing principle.

In its petition appellee alleges, "that the defendants, and each of them, were (specifically) negligent in each of the following particulars, * * * (b) In parking John F. Bergmann's automobile across the street from the premises used by McKenzie Pontiac, Inc. (c) In leaving the car keys in the automobile of John F. Bergmann when it was parked unattended across the street from the premises of the McKenzie Pontiac, Inc. * * *."

"A litigant who charges his adversary with negligence has the burden throughout the litigation to establish it." Federal Ins. Co. v. International Harvester Co., *supra*. See, also, Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., *supra;* Thrasher v. Greenlease-Ledterman, Inc., 208 Okl. 507, 257 P. 2d 795.

"In an action for negligence the burden is on the plaintiff to show that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it." Sipprell v. Merner Motors, 164 Neb. 447, 82 N. W. 2d 648. See, also, Bowerman v. Greenberg, 142 Neb. 721, 7 N. W. 2d 711. Of course, as we have often said, the mere happening of an accident does not prove negligence. See, Bowerman v. Greenberg, *supra;* Bowers v. Kugler, 140 Neb. 684, 1 N. W. 2d 299.

Appellants contend the court erred in holding them guilty of negligence as a matter of law and, in fact, contend the evidence adduced is insufficient to raise an issue of fact, in that respect, for a jury. In considering these contentions the following have application:

"If a motion for a directed verdict is made at the close of the plaintiff's evidence and again at the close of all the evidence, or in the alternative to dismiss plaintiff's case, to test the sufficiency of the evidence to support a verdict, it must be considered in the light most favorable to the successful party, that is, every

controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom." Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751. See, also, Moncrief v. Interstate Transit Lines, 129 Neb. 168, 261 N. W. 163.

"Where different minds may draw different inferences or conclusions from the facts proved, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury to be determined; but, where the evidence is undisputed, and but one reasonable inference can be drawn from the facts, the question is one of law for the court." Snyder v. Farmers Irr. Dist., 157 Neb. 771, 61 N. W. 2d 557.

"Negligence consists of doing what a reasonable and prudent person would not have done, or in not doing what a reasonable and prudent person would have done under the existing circumstances." Blanton v. Michael, Swanson & Brady Produce Co., 138 Neb. 883, 295 N. W. 883.

"The gist of negligence is failure to exercise the care of a reasonable and prudent person under a given set of circumstances." Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610.

The evidence is not in material dispute. There was evidence adduced to the effect that on Friday, May 31, 1957, Bergmann took his automobile to McKenzie's place of business at Twenty-fourth Street and Deer Park Boulevard in Omaha, Nebraska, to have seat covers put on and the differential repaired; that he turned his automobile over to Record, an employee of McKenzie Pontiac, Inc., for that purpose; that Record agreed to perform these services, for which a charge was made and collected; that Record had the seat covers put on by others but repaired the differential himself; that when he had completed the repairs he road-tested the job and then, because there was no parking space available in the garage where he worked, he parked it on the premises of the Skelly Oil Company service station just across

the street north from McKenzie Pontiac, Inc., leaving the keys on the sun visor above the driver's seat; that he parked it there after 4 p.m.; and that at that time there were four attendants on duty at the station.

There is evidence to the effect that for about 11 years McKenzie had made arrangements with whomever operated this service station for permission to park automobiles thereon whenever he had insufficient room for that purpose in his garage, which had only one service stall. He further testified that under this arrangement that if automobiles were parked there during the daytime they had to be left unlocked with the keys in the automobile, but not in the ignition, so the attendants on duty at the filling station could, if necessary, move any automobile parked there. Bergmann, who had been an employee of McKenzie when he operated in Plattsmouth as McKenzie Motors and for a short time in Omaha at Twenty-fourth Street and Deer Park Boulevard after McKenzie ceased his operations in Plattsmouth, became acquainted with this operation and the manner in which it was done. There were always three, four, or five attendants on duty at the station when it was open for business, which it was until about 10 p.m. However, automobiles that were to be left parked overnight had to be locked.

Record testified he parked the Bergmann automobile on the Skelly Oil Company service station grounds and then returned to the place of business where he worked. He then called Bergmann on the telephone and told him his automobile was ready and for him to come and get it. This was about 4:30 p.m. When he had completed doing so he looked out of the window to see if the Bergmann automobile was still where he had left it but discovered it was gone. That was about 10 minutes after he had parked it. The automobile had been stolen and was found later that evening near Nebraska City, Nebraska. When found it had been in an accident, ap-

parently rolling over three or four times. It was damaged beyond repair.

Appellants attempted to introduce evidence to show why automobiles were parked at this particular service station and the manner in which it was being done; and that it was being done in the same manner as it was being done by others in the same business under similar circumstances in that area and in Omaha generally. When, over objection thereto, this evidence was excluded proper offers of proof to that effect were made. We think, under our holding in O'Dell v. Goodsell, 152 Neb. 290, 41 N. W. 2d 123, the court erred in so ruling. Therein we said: "Upon the issue of negligence or contributory negligence, evidence of the ordinary practice or of the uniform custom, if any, of persons in the performance of acts under similar circumstances like those which are alleged to have been done negligently is generally competent evidence." See, also, Tite v. Omaha Coliseum Corporation, 144 Neb. 22, 12 N. W. 2d 90, 149 A. L. R. 1164. As stated in Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.), 267 S. W. 304: "All of the circumstances surrounding the manner and method that appellant used to protect the cars left with it for repair, and the success or failure which it had accomplished by the methods used in protecting property from theft, were admissible before the jury, in order that the jury might determine from all the facts whether appellant exercised ordinary care to prevent the automobile committed to its care from being stolen." Evidence coming within the scope of the foregoing principles should have been admitted and the trial court was in error in excluding it.

We think the evidence adduced presents a factual situation for a jury as to whether or not appellants were negligent in what they did and not one of law for the court. We find the trial court erred in this respect but do not agree with appellants that it does not present a question for a jury.

Appellants claim the trial court was in error in holding, as a matter of law, that their conduct was the proximate cause of the theft and destruction of the Bergmann automobile; in fact, they contend the evidence adduced was insufficient to support a jury finding to that effect. This contention is primarily based on the fact that there was no direct evidence adduced to show that the thief or thieves, who stole the automobile, used the key or keys that had been left in the car on top of the sun visor to perpetrate the theft.

"Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the accident could not have happened." Hersh v. Miller, 169 Neb. 517, 99 N. W. 2d 878. See, also, Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825.

"A party is only answerable for the natural, probable, reasonable, and proximate consequences of his acts; and where some new efficient cause intervenes, not set in motion by him, and not connected with but independent of his acts and not flowing therefrom, and not reasonable in the nature of things to be contemplated or foreseen by him, and produced the injury, it is the dominant cause." Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831. See, also, Hersh v. Miller, *supra.*

Appellants' primary fault, in so contending, lies in the fact that they seek to apply the circumstantial evidence rule applicable only in criminal cases. See Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112. Therein we held the circumstantial evidence rule applicable in civil cases to be as follows: "Negligence is a question of fact and may be proved by circumstantial evidence. All that the law requires is that the facts and circumstances proved, together with the inferences that may be legitimately drawn from them, shall indicate, with reasonable certainty, the negligent act complained of."

From the facts and circumstances proved, together

with the inferences that may be legitimately drawn therefrom, we think a jury could find that the key or keys left in the automobile by Record were the means used by the thief or thieves to start the automobile when they stole it from the place where it had been parked by Record.

Bergmanns' right to recover, as far as the measure of damage is concerned, is, under the situation disclosed by the evidence adduced, as follows: "In an action for damages to an automobile, where the automobile cannot be placed in substantially as good condition as it was before the injury, the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident." Dorn v. Sturges, *supra*. See, also, Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130; Helin v. Egger, 121 Neb. 727, 238 N. W. 364. The appellee, having only the rights of the Bergmanns, is limited accordingly. Competent, relevant, and material evidence for the purpose of establishing the damage to the Bergmanns' automobile should be admitted. The trial court, over objection, received evidence adduced by appellee which was clearly incompetent for this purpose while it excluded competent evidence offered by appellants for that purpose.

We have come to the conclusion that appellants were and are entitled to a new trial. We therefore reverse the order of the trial court overruling their motion for that purpose and remand the cause to the district court with directions that appellants be given a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.